## Mary C. Nairn v. J. S. Ewalt *et al.*

1. False Statements — *Canceling Deed.* Where a plaintiff, residing in this state, is induced by two defendants to convey real estate for a stock of boots and shoes in the east, which is to be transferred by a bill of invoice, and the parties claiming to own the stock are required to pay $1,500 before they or their assignee can obtain the same, and they falsely and fraudulently represent themselves to be the owners of such stock, and that the stock is of the value of $4,400, and also fraudulently conceal a contract which shows the terms under which they have obtained the invoice, and the owner of the real estate, without any notice or knowledge to the contrary, relying on the false statements and fraudulent representations of the parties claiming the stock, makes an exchange for the stock of boots and shoes, and accepts the bill of invoice as a transfer thereof, *held*, that the plaintiff is entitled to relief against the defendants on account of their false statements and fraudulent representations.

2. ———— *Concealing Facts.* Misrepresentation may consist as well in the concealment of what is true as in the assertion of what is false.

### *Error from Barton District Court.*

Action by *Nairn* against *Ewalt* and another, to cancel a conveyance of real estate, on the ground of fraud. Judgment for defendants, and plaintiff comes to this court. The opinion states the facts.

*Sturgis & Swartz,* for plaintiff in error:

The defendant in error objected to the introduction of evidence under the amended petition, which the court sustained, and of this ruling plaintiff in error complains. The petition was not attacked by motion or demurrer, and should have been liberally construed as against an objection of this kind, and objection should have been overruled. *Meagher v. Morgan,* 3 Kas. 372; *Barons v. Brown,* 25 id. 411; *The State v. School District,* 34 id. 239; *Mitchell v. Milhoan,* 11 id. 617.

The amended petition alleges that the defendants obtained the title to plaintiff's land by false and fraudulent representations, etc. The petition further charges the defendants with conspiring together for the purposes of cheating and

·defrauding the plaintiff, and, in carrying out their plan of fraud and deception, they attached this written contract of sale to the invoice, sealed together, so that plaintiff's agent did not discover the deception practiced. A tender of the invoice and contract of sale to the defendants is alleged. Plaintiff contends that the facts alleged, if proven, entitle her to the relief asked, and that the objection to the introduction of evidence was erroneously sustained.

The defendants in error relied solely upon the case of *Graffenstein v. Epstein*, 23 Kas. 443, as an authority to sustain their objection. That case is certainly not applicable to the facts alleged in plaintiff's petition.

They also claimed to have seen the stock, and, from their peculiar knowledge of such goods, gave their value, and plaintiff's agent had a right to rely upon this representation, and more especially is this true because the plaintiff's agent had no opportunity to examine said stock of goods. 2 Add. Torts, § 1186, and notes; *Medberry v. Watson*, 6 Metc. (Mass.) 259; *McKee v. Eaton*, 26 Kas. 226; 35 Am. Rep. 662; 35 N. W. Rep. 647; 36 id. 897; 28 Kas. 517; 1 S. W. Rep. 610.

An examination of this contract of sale will reveal the reason for concealing its contents. The whole affair was cunningly devised, for the purpose of swindling the innocent and unsuspecting, and the petition so alleges. *Douthitt v. Applegate*, 33 Kas. 398, *et seq.;* 26 id. 111.

As to the sufficiency of tender, see *McKee v. Eaton*, 26 Kas. 226; *National Bank v. Peck*, 8 id. 660; *Walker v. Fleming*, 37 id. 172.

*Diffenbacher & Banta*, for defendants in error:

As a general proposition, no action will lie for false affirmation by the vendor of property concerning the value of it, since it would be folly in the purchaser to rely upon statements as to value from that source. See Bigelow, Frauds, p. 18.

Especially is the last proposition true when the purchaser, by the exercise of slight care, could acquaint himself with

the facts. There is no more reason why the plaintiff in error could not have acquainted herself with the value of the stock of boots and shoes mentioned in this case, by making inquiry of some dealer in that line of goods, than if the article purchased had been wool. 2 Add. Torts, p. 422, § 1186; 124 Mass. 431; 48 Iowa, 378; see 23 Kas. 443; 93 Ind. 591; 121 Ill. 140. See, also, 8 Am. & Eng. Encyc. of Law, p. 643; 1 Story, Eq. Jur., 3d ed., §§ 199, 200a; 33 Ohio St. 283; 46 Wis. 415; 1 N. W. Rep. 167; 21 Fed. Rep. 433.

Will an action for conspiracy and fraud lie where two or more persons agree to get the best of another in a transaction, and, in doing so or attempting to do so, put the other party in full possession of all the facts in their possession? We think not. *Graffenstein v. Epstein*, 23 Kas. 446.

The opinion of the court was delivered by

HORTON, C. J.: On the 24th of October, 1888, Mrs. Mary C. Nairn was the owner of a quarter section of land in Barton county, in this state. She had appointed her husband, C. W. Nairn, as her agent to trade or sell this real estate for her. About that time, J. S. Ewalt and O. B. Wilson offered to trade for her land, through her husband, an assorted stock of boots and shoes, represented to be worth $4,400. The stock was in New York, or some place outside of Kansas, but the parties had an invoice thereof. Soon after the trade was agreed upon, Mrs. Nairn, with her husband, C. W. Nairn, executed a conveyance of her real estate to O. B. Wilson. This was filed for record in the office of the register of deeds of Barton county. The land so conveyed was subject to a mortgage of $1,000, and other liens amounting to $150, of which Ewalt and Wilson had full notice. At the time Ewalt and Wilson sold to Mrs. Nairn the stock of boots and shoes, they transferred to her the bill of invoice. Subsequently, Mrs. Nairn, upon investigation, became dissatisfied with the trade and brought her action against J. S. Ewalt and O. B. Wilson to set aside and cancel the conveyance of her real estate executed on the 24th day of October, 1888, upon the

ground of deceit and fraud. She alleged that she had been induced to make the trade and accept the bill of invoice of the boots and shoes through the false statements and fraudulent concealment of Ewalt and Wilson. Her petition was not attacked by motion or demurrer, but the defendants upon the trial objected to the introduction of any evidence. The court sustained the objection, and this is the ruling complained of.

It appears from the petition that the false statements and fraudulent concealment were, that the defendants claimed to be the owners of the stock of boots and shoes, which they agreed to turn over for the conveyance of the land, but that in fact they had only a contract of sale for the stock, and they owed $1,500 thereon; that the stock was only worth $1,500, and therefore that the interest of defendants therein was of no value; that it was worthless; that in transferring the bill of invoice of the boots and shoes, they had attached thereto their contract of purchase, so sealed that the plaintiff's agent had no opportunity to discover or read the same. Before this action was commenced, Mrs. Nairn made a tender of the invoice and the contract of sale attached to it to the defendants and demanded a reconveyance of the real estate.

The court below clearly erred in its refusal to proceed with the trial of this case. The representations that the defendants were the owners of the stock of boots and shoes in the bill of invoice, and then the concealment by them of the contract under which they had purchased the goods, which provided that, before the boots and shoes could be shipped from New York, $1,500 were necessary to be paid, establish such fraud, if proved, as entitled Mrs. Nairn to the relief she prayed for. The concealment of the original contract for the sale of the goods, by sealing it with the invoice, was evidently for the sole purpose of cheating and defrauding the plaintiff.

"Misrepresentation may consist as well in the concealment of what is true as in the assertion of what is false. If a man conceals a fact that is material to the transaction, knowing that the other party acts on the presumption that no such fact

exists, it is as much a fraud as if the existence of such fact were expressly denied or the reverse of it expressly stated." (Kerr, Fraud & M. 94.)

Neither the plaintiff nor her agent had any knowledge that $1,500 were due on the stock, and, therefore, under the allegations of her petition, she ought to have been permitted to show how she was deceived and misled. (*Stevens v. Allen,* ante, p. 144; *McKee v. Eaton,* 26 Kas. 226; *Wickham v. Grant,* 28 id. 517; *Mohler v. Carder* [ Iowa, 1887 ], 35 N. W. Rep. 647; *Medbury v. Watson,* 47 Mass. 246.)

*Graffenstein v. Epstein,* 23 Kas. 443, is not applicable in this case, because here the stock of boots and shoes was in New York. They were to be sold and transferred by a bill of invoice only. They were in no condition to be investi-gated or examined by Mrs. Nairn or her agent, and the contract of sale, which showed that the defendants were required to pay $1,500 before they or their assignee could obtain the same, was fraudulently concealed from Mrs. Nairn's agent, with whom the trade was made.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.