No. 38,650

CLARENCE CLARK and ELIZABETH CLARK, *Appellees*, v. PHIL MEYERS, A. J. FOX and LYMAN ELLIS, *Appellants*.

(244 P. 2d 217)

Opinion filed May 10, 1952.

*D. M. Sparks,* of St. Marys, and *Richard M. Pugh,* of Wamego, were on the briefs for the appellants.

*Edward Rooney, Jacob A. Dickinson,* and *David Prager,* all of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by parents against three defendants to recover damages occasioned by the loss of plaintiffs' minor son. The defendants appeal from an order overruling their joint general demurrer to plaintiffs' petition.

Material portions of the petition read:

"III.

"Plaintiffs further allege that on the 4th day of May, 1949, each of the defendants was the owner of a truck and all of them were engaged in the hauling of dirt and rocks from a quarry located in the vicinity of Maple Hill in Wabaunsee County, Kansas, to a location approximately 4.4 miles west of the city limits of Rossville, Kansas, on the St. Marys township road at a point about 63 feet west of the Shawnee-Pottawatomie county line; that said dirt, gravel and rocks *was* being hauled for road repairs; that said defendants pursuant to said enterprise dumped the dirt and rocks at said place making a ridge and obstruction of dirt, gravel and rocks along the center of said road; that said ridge was approximately 11 feet wide and approximately 3 feet high; that after dumping the aforesaid dirt, gravel and rock at the point aforesaid, the defendants negligently failed to place any warning signs, barricades or other signal to warn the drivers of motor vehicles on said road of the presence of said ridge and obstruction and the danger thereof.

"Plaintiffs further allege that said road was a dirt and gravel road and that the aforesaid ridge and obstruction blended into the dark color of the road making it impossible to distinguish it during the hours of darkness.

"IV.

"Plaintiffs further allege that on the day aforesaid at or about the hour of 11:00 P. M., the plaintiffs' son, Donald Lee Clark, age 18 years of age, was with due care driving his 1936 Plymouth Coupe in an easterly direction on said township road; that as he approached the aforesaid ridge of dirt, gravel and rock he was unable to distinguish it from the road and drove his automobile directly upon it, causing his automobile to capsize and pinning him under his automobile, causing a basal fracture of his skull and resulting in his death.

"V.

"Plaintiffs further allege that the direct, immediate and proximate cause of the death of the said Donald Lee Clark was the negligence of the defendants acting together in obstructing said road by dumping the aforesaid dirt, gravel and rock on the center of said road and leaving the same without any warning signs, barricades or other signal to warn the drivers of motor vehicles on said road of the presence of said ridge and obstruction and the danger thereof when they knew or by the exercise of reasonable care should have known that travelers upon said highway would be unable to distinguish said ridge and obstruction in time to stop and prevent running into it."

Appellants moved to have the petition made more definite and certain in the following particulars:

"1. To set out in Paragraph 3 thereof the party or parties having control and supervision of the road repairs being made on the St. Marys township road, as therein referred to.

"2. In setting out in Paragraph 3 thereof for whom the defendants were working in hauling the dirt, gravel and rocks referred to therein, and whether they were acting as employees or as independent contractors, and if acting as independent contractors the nature of their contract.

"3. By setting out in Paragraph 3 in said petition how the defendants were compensated for their work, whether they were paid an hourly, daily or weekly wage, or paid in accordance with the amount of gravel hauled, or paid a sum total for the job.

"4. By setting out in Paragraph 3 of said petition whether or not the defendants had a duty to erect warning signs, barricades or other signals after dumping the dirt, gravel and rock as referred to therein.

"5. By setting out in Paragraph 4 thereof whether or not there was anything to impair the vision of plaintiff's son, at the time referred to therein such as fog, rain, etc.; and further whether or not there was sufficient room either to the right or left of the ridge of gravel for his car to have proceeded on said road without hitting said ridge."

The motion was overruled in its entirety. Thereafter their joint general demurrer was overruled. They contend their motion having been overruled they were entitled to have the petition strictly construed against appellees when subsequently challenged by demurrer and that when so construed it failed to state a cause of action. It, of course, is the rule that if a pleading does not sufficiently state a cause of action or a defense and a motion to make it definite and certain is of such character that it is improperly overruled, the pleading is thereafter subject to strict construction when challenged by demurrer. (*Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112; *Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105.) The rule of strict construction on demurrer, however, does not apply to a motion, or such part thereof, which is properly over-

ruled. (*Powell v. Powell*, 172 Kan. 267, 239 P. 2d 974.) In other words a party may not subject a pleading to strict construction on demurrer by challenging it with an unmeritorious motion. The ruling on a motion to strike or to make definite and certain ordinarily rests in the sound discretion of the trial court.

Appellants have not included the ruling on their motion in the notice of appeal or in the specifications of error. Assuming that under the circumstances the order is properly here for review we shall consider it.

It has been observed the last three paragraphs of the motion relate primarily to acts of negligence set forth in paragraphs 3 and 4 of the petition, paragraph 5 of the petition not having been motioned. In treating the validity of the motion we must, of course, consider all parts of the petition.

The petition, briefly summarized, described the dangerous condition alleged to have been created by the three defendants jointly, substantially as follows: The ridge formed a dangerous obstruction to travel; it was located in the center of a township road and was approximately eleven feet wide and three feet high; the ridge was of the same dark color as the dirt and rock road and blended into it; the deceased was driving with due care but it was impossible to distinguish the ridge and obstruction from the road itself; appellants knew, or in the exercise of reasonable diligence, should have known, travelers would be unable to distinguish the ridge and obstruction in time to stop before running into it; the direct, immediate and proximate cause of their son's death was the *negligence* of appellants acting together in obstructing the road by dumping the dirt, gravel and rock on the center of the road and in leaving the same without any warning signs, barricades or other signals to warn drivers of the danger they had created.

Appellants argue the petition alleged only the proximate cause of the accident was the failure to erect warnings or barricades. The argument overlooks paragraph 5 of the petition. It alleges appellants' negligence consisted in both the negligent creation of the ridge and obstruction to travel and the failure to erect warning signs, barricades or other signals to warn drivers of the dangerous condition.

We shall first examine paragraph 5 of the motion. In paragraphs 3 and 4 of the petition it was alleged the deceased, although driving with due care, was unable during the hours of darkness, to distin-

guish the ridge and obstruction from the road. If appellants believe, as perhaps indicated by paragraph 5 of their motion, that deceased was driving in fog or rain and without due care, it was proper for them to allege such contributory negligence in their answer. Appellants likewise could plead in their answer there was sufficient space for a car to pass along each side of the ridge if they believed it were true and that such fact constituted a defense.

Touching paragraph 4 of appellants' motion we think it sufficient to observe the petition expressly alleged the *negligent performance* of certain acts by appellants which caused the death of the deceased and that in the exercise of due care he was unable to protect himself. Such combined allegations *of negligence,* on their face, disclose a neglect of duty to the traveling public. The general rule appears to be well stated in 38 Am. Jur., Negligence, § 259, as follows:

"Ordinarily, it is not necessary for the plaintiff to aver specifically that the defendant owed a duty to the plaintiff not to injure him, or to allege in terms that it was the duty of the defendant to do or not to do a particular thing when facts are alleged from which that duty appears, or from which the law will imply the duty. It has been held that an allegation that the defendant *carelessly and negligently* did a certain act is equivalent, legally, to a statement that the defendant owed to the plaintiff a duty to exercise reasonable care in doing that act, and failed to perform that duty." (Our italics.)

See, also, Restatement, Torts, § 284; *Hackenberger v. Travelers Mutual Cas. Co.,* 144 Kan. 607, 611, 62 P. 2d 545; *Montague v. Burgerhoff,* 152 Kan. 124, 128, 102 P. 2d 1031.

Appellants do not stress paragraph 3 of their motion. It was properly overruled.

We turn now to paragraphs 1 and 2 of the motion which may be treated together. It is not contended the ridge appellants are alleged to have created did not constitute a dangerous obstruction to travel. The petition, in substance, also alleged appellants knew, or in the exercise of reasonable care, should have known, they had created a dangerous condition which a traveler, in the exercise of due care, could not observe in the nighttime before running into it and that appellants gave the traveling public no warning of the dangerous condition.

The petition also alleged the dangerous condition was created by appellants while engaged in the enterprise of making township road repairs. It is true, as appellants contend, the petition did not expressly allege appellants were doing the work under contract with the township or that they were agents and employees of an

independent contractor. It is also true, as appellants contend, we have a statute which expressly imposes a duty upon a party contracting with the township to do such work, or upon the township itself where it does its own work, and where the undertaking requires closing of a road, to place barricades and warning signs at the intersections of roads leading thereto, advising the public of an impassable or dangerous condition on the highway. (G. S. 1949, 68-121.)

It, however, cannot be inferred from allegations of the petition appellants were engaged in the enterprise of township road repairing without authority. If they were doing the work without authority, express or implied, from the township or without authority from an independent contractor appellants could also set up that fact as a defense, provided they believed such unauthorized conduct constituted a defense. It must be remembered we are not now determining what facts may constitute a defense to appellees' action. That question is not before us. Our only concern now is the sufficiency of the petition to state facts which prima facie create a liability of appellants.

By reason of the dangerous condition appellants' demurrer admits they had created, a duty arose to act for the public safety. The demurrer admits nothing was done to warn the traveling public of the dangerous condition where the dirt, gravel and rock were being dumped. The mere fact the township or some independent contractor, if there were one, also may be liable ordinarily will not relieve another wrongdoer, a joint tort-feasor, of responsibility for injury he may cause another. (*Wells v. Hansen,* 97 Kan. 305, 308-309, 154 Pac. 1033; see, also *Billings v. Aldridge,* 133 Kan. 769, 774-775, 3 P. 2d 639, where liability of both the contractor and his agent was involved for failure to erect warning signs at the point of excavation in a roadway and where no warning signs had been erected at the intersection of roads leading to the excavation; 35 Am. Jur., Master and Servant, § 590, where the subject of an employee's duty to the public as well as to his employer is discussed.)

Although the trial court, in the exercise of its discretion might have sustained appellants' motion in part we think the petition stated sufficient facts to create a prima facie liability and that it did not constitute reversible error to overrule appellants' motion or the demurrer.

The orders of the trial court are affirmed.

HARVEY, C. J., dissents.