No. 39,764

MARGARET E. WILSON, *Appellant,* v. L. R. CYRUS, doing business under firm name of Cyrus Petroleum Truck Line, and THOMAS G. REDDINGTON and TRI-STATE INSURANCE COMPANY, *Appellees.*

(284 P. 2d 597)

Opinion filed June 11, 1955.

*A. L. Foster* and *Wm. K. Ong,* both of Parsons, were on the briefs for the appellant.

*J. Logan Shuss,* of Parsons, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order striking an amended petition from the files.

The petition contained two causes of action. The first was to recover for personal injuries sustained by plaintiff when the vehicle in which she was riding, and which was owned and driven by her husband, was involved in a collision with a gasoline transport truck owned by defendant Cyrus and driven by defendant Reddington in a street intersection in the city of Parsons.

The second cause of action sought damages for and on behalf of her husband due to the impairment of her ability to perform domestic duties and services, under G. S. 1949, 23-205.

Paragraph 4 of the petition alleged:

"4. That on November 1, 1953, at about 5:00 P. M. Plaintiff *was riding* in the front seat of a 1950 DeSoto four-door sedan automobile which was owned and driven by her husband E. M. Wilson, traveling north on 13th Street. That as said DeSoto approached said intersection the traffic light immediately and directly ahead of it was red and said DeSoto came to a full stop at about the south edge of said pedestrian lane. That when said traffic light was red and when the light directing the east-west movement of traffic was amber said DeSoto entered upon said intersection and proceeded north to cross the same. That at the time said DeSoto entered upon said intersection a 1951 GMC 5½ ton tractor and semi-trailer loaded with petroleum products was proceeding east on said U. S. Highway 160 at a speed of about twenty-five miles per hour, at a point about one hundred seventy-five feet west of said intersection, owned by defendant L. R. Cyrus, doing business under the firm name of Cyrus Petroleum Truck Line, and driven by defendant Thomas G. Reddington, who was employed by defendant L. R. Cyrus as a truck driver and who was at all times mentioned herein acting within the scope of his employment and as the agent and servant of defendant L. R. Cyrus." (Our emphasis.)

The petition further alleged that when the car in which plaintiff was riding was about half way through the intersection it was struck by the truck as a result of which plaintiff sustained personal injuries, and right of recovery was based upon the doctrine of last clear chance. We are not concerned with specific allegations of negligence of the driver of the truck or of plaintiff's injuries.

Defendants filed a motion to make the petition more definite and certain in eleven particulars. We are concerned with only one ground of the motion, which was:

"To state specifically in paragraph 4 the capacity in which plaintiff was riding in the front seat of the car owned and driven by her husband."

This ground of the motion was sustained.

Thereafter plaintiff filed an amended petition in which the words "was a passenger" were substituted for the words "was riding," in paragraph 4.

Defendants then filed a motion to strike the amended petition from the files on the ground that plaintiff had failed and refused to comply with the court's order.

This motion was sustained and plaintiff has appealed.

It is conceded that a motion to make a pleading more definite and certain is addressed to the sound discretion of the trial court and that its order will not be reversed in the absence of clear abuse of discretion (*Clark v. Meyers*, 173 Kan. 96, 244 P. 2d 217), and that under proper circumstances a court is authorized to strike a pleading from the files (*Fidelity Hail Ins. Co. v. Anderson*, 172 Kan. 253, 239 P. 2d 830).

And so, the problem here really narrows down to the question whether substitution of the words "was a passenger," for the words "was riding," was a compliance with defendants' motion.

As we have already seen, the motion requested that plaintiff state specifically the "capacity" in which she was riding in the front seat of the car owned and driven by her husband. Defendants argue that the word "passenger" is a relative term and that it might mean any one of several things. In a sense that is correct, depending upon how used. Defendants rely upon what was said in *In re Estate of Kerschen*, 176 Kan. 226, 269 P. 2d 1033. The case is not in point. There the action was against the estate of the deceased driver of the car in which the injured plaintiff was riding—in other words, it was an action by a passenger against the driver—and it was held that the mere allegation plaintiff "was riding in an automobile which was driven by the decedent" was insufficient. It is obvious that in that case the provisions of the guest statute (G. S. 1949, 8-122b) applied and plaintiff, in order to state a cause of action, was required to state the nature and status of the transportation, that is, whether he was a guest, a paid passenger, or just what the relationship between him and the driver was.

But here we have an entirely different situation. The first cause of action is a common-law action by an injured passenger against the driver and owner of the other vehicle. As between plaintiff and defendants there of course was no relationship of guest, paid passenger, trespasser, joint enterprise, or the like. Under the circumstances, we think the relationship of plaintiff and her driver, that is, the "capacity" in which she was riding, was purely a matter of defense, and that the substitution of the words "was a passenger," for the words "was riding," was a sufficient compliance with defendants' motion. In the Clark case, *supra*, it was held:

"It is not the function of a motion to make a petition definite and certain to compel a plaintiff to allege facts which a defendant believes constitute a defense to the action." (Syl. 2.)

In view of what has been said the order of the trial court is reversed with directions to reinstate the amended petition.