No. 41,435

ALLENE JENKINS, *Appellee*, v. JOHN MCCORMICK, *Appellant*.

(339 P. 2d 8)

Opinion filed May 16, 1959.

*William L. Parker, Jr.*, of Topeka, argued the cause, and *George E. McCullough, Robert L. Kimbrough*, and *Walter N. Scott*, all of Topeka, were with him on the brief for the appellant.

*C. K. Sayler*, of Topeka, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In the district court, the appellee filed a suit against the appellant and in her petition alleged that she had purchased a newly constructed house from the defendant who was a contractor; that there was a latent defect in the floor of the basement apartment; that the defendant knew of such defect and fraudulently concealed the same to the damage of the plaintiff. Plaintiff sought damages because of the alleged fraudulent concealment in a total sum of $1,145.61.

We are concerned in this appeal with only the second amended petition in the action although the former petitions are contained in the abstract. To the second amended petition, defendant first directed a motion to make definite and certain and to strike many paragraphs thereof. The orders as to these motions are part of the present appeal. In the motions, defendant has accused plaintiff of being "repetitious" and "redundant" in seeking to strike certain paragraphs of the petition. It must be said that the petition does not seem to be unduly repetitious or redundant. As to being indefinite,

we are quite certain that defendant understands the charge attempted to be asserted against him (G. S. 1949, 60-741). Of course, motions to strike and make definite and certain rest within the sound discretion of the trial court. (*Acton Manufacturing Co. v. Myers*, 182 Kan. 364, 366, 320 P. 2d 840; *Elliott v. McKenzie*, 180 Kan. 344, 304 P. 2d 550; *Wilson v. Cyrus*, 178 Kan. 239, 284 P. 2d 597; *Clark v. Meyers*, 173 Kan. 96, 244 P. 2d 217; *Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 157 Kan. 651, 143 P. 2d 780.) Be that as it may, we do not believe that the trial court erred in overruling the defendant's motions in their entirety.

After these motions had been overruled, defendant filed a general demurrer to the second amended petition asserting that it did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer and this is the appealable order under which the defendant brings the case to this court.

The first contention in relation to the demurrer is that the second amended petition should be strictly construed. It would seem that there is little merit in this contention principally because the petition is rather plain and pointed in its inferences. Furthermore, defendant overstates the rule of strict construction (see *Clark v. Hildreth*, 179 Kan. 243, Syl. ¶ 8, 293 P. 2d 989).

It is true that general conclusions of fraud are insufficient as against a demurrer (*Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985; *In re Johnson*, 92 Kan. 59, 139 Pac. 1161; *Rogers v. J. R. Oil and Drilling Co.*, 149 Kan. 807, 89 P. 2d 847; *Hardesty v. Hardesty*, 150 Kan. 271, Syl. ¶ 3, 92 P. 2d 49.) However, defendant does not rely upon this proposition in attempting to sustain the demurrer in this case. The principal allegations of the petition attacked are found in paragraphs 5 through 10 and read as follows:

"5. That the making and execution of said written agreement and the performance thereof by plaintiff, according to its terms, as above set forth, were procured by the fraud and deceit of defendant, exercised upon plaintiff for the purpose of procuring said making, execution and performance through the wilful concealment of certain matter and the wilfully false representations and statements made to plaintiff.

"6. Plaintiff further states that said duplex had been newly constructed by defendant and was sold to plaintiff as a newly built house; that said duplex contained a basement apartment the floor of which was asphalt tile laid on concrete; that at the time of said sales contract said asphalt basement floor appeared to be smooth and in good shape.

"7. That for the purpose of inducing plaintiff to make, execute and perform said written agreement defendant deceived plaintiff as follows:

"That said house contained a basement apartment the floor of which was asphalt tile layed on concrete; that the defendant well knew that the concrete in the basement floor had been allowed by him to set and dry without being smoothed and properly trowled; that nevertheless the defendant placed asphalt tile over this cement floor and the defendant, a contractor, knew or should have known that the said asphalt tile would crack and come loose in a short length of time; that defendant knew that these floor defects were concealed from plaintiff; that defendant concealed said facts from plaintiff by suppressing defendant's knowledge of the same and by failing to inform plaintiff that said basement floor was latently defective and that defendant concealed said facts from plaintiff for the sole purposing of inducing plaintiff to make, execute and perform said written agreement.

"8. That at all times herein mentioned defendant carefully concealed from plaintiff that said basement concrete floor was improperly constructed although defendant knew the same and knew plaintiff was unable to ascertain the same by inspection; that defendant was in a superior position to plaintiff to ascertain this knowledge in that he had seen the cement floor prior to putting the asphalt tile onto it.

"9. That plaintiff was wholly deceived by defendant, said concealment of said fact and was thereby induced to make, execute, and perform said written agreement.

"10. That plaintiff would not have made, executed or performed said written agreement if plaintiff had knowledge of said floor defects which were hidden from plaintiff and which plaintiff could not reasonably have discovered."

In the balance of the petition, plaintiff alleges that the entire basement asphalt tile floor broke up within two weeks after the house was purchased and then alleges her damages suffered because of the alleged defect and asks judgment therefor.

The defendant seems to urge that the demurrer should have been sustained to the above petition on the ground of the old rule of *caveat emptor.* He cites numerous cases in the application of that rule, none of which seem to apply to the situation alleged in the instant petition. Here we have the builder of a house effectively concealing a known defect caused by his own workmanship. In such a situation, the rule of *caveat emptor* does not apply, and such concealment amounts to fraud upon the purchaser.

In 23 Am. Jur. 857, § 80, it is said:

"There is much authority to the effect that if one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him

to communicate to him the true state of facts to enable him to judge of the expediency of the bargain."

Again in 37 C. J. S. 246, § 16b, it is said:

"The rule that when the parties deal at arm's length and their relations are not confidential silence is not fraud is particularly true where the facts are equally within the means of knowledge of both parties or peculiarly within the knowledge of one party and of such a nature that the other has no right to expect information. *If the fact concealed is peculiarly within the knowledge of one party and of such a nature that the other party is justified in assuming its nonexistence, there is a duty of disclosure, and deliberate suppression of such fact is fraud.*" (Italics supplied.)

See especially the recent case of *Dargue v. Chaput,* 166 Neb. 69, 88 N. W. 2d 148, and also *McWilliams v. Barnes,* 172 Kan. 701, 242 P. 2d 1063; *Nairn v. Ewalt,* 51 Kan. 355, Syl. ¶ 2, 32 Pac. 1110; *Downing et al. v. Wimble,* 97 Vt. 390, 123 A. 433; and *Deardorp v. Rosenbusch,* 201 Okla. 420, 206 P. 2d 996.

There is no question raised in this case, but that plaintiff has a right to affirm the contract of sale and sue for damages caused by the alleged fraudulent concealment (*McWilliams v. Barnes,* supra). From what has been said, it appears the district court did not err in overruling the demurrer to the petition, and that the order should be affirmed. It is so ordered.