(573 P.2d 622)
No. 48,751

GENE MILES and MARIE MILES, *Appellees,* v. DON F. LOVE and BARBARA J. LOVE, *Appellants.*

Petition for review denied November 2, 1977.

Opinion filed October 21, 1977.

*Frank C. McMaster* of McMaster and Smith, of Wichita, for the appellants.
*Thomas A. Wood,* of Wichita, for the appellees.

Before HARMAN, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: This appeal involves a foreclosure on a real estate contract. The trial court entered judgment for the Miles, appellees, for the amount due on the escrow contract. The trial court denied recovery on the counterclaim by the Loves, appellants. Appellants now appeal the trial court's determination that the appellees made no fraudulent misrepresentations nor fraudulent concealments to appellants. They also challenge the court's determination that there are no implied warranties in the sale of used housing.

Gene Miles, one of the appellees, is an experienced real estate

developer and salesman. He first acquired an interest in the house in question in 1973 by foreclosure. It was originally built in 1959 as a three-bedroom, two-bath home, serviced by a private well and septic tank system. The owner from whom Miles acquired title had commenced an addition of three bedrooms and a bath. Miles completed this work before and during the sales negotiations. Evidence was introduced which tended to show that sewer laterals were insufficient for the house as originally built. No sewer laterals were added when the size of the house was increased. Miles was generally aware of the recommended septic tank sizes and length of laterals. However, the trial court found that Miles had no actual knowledge of the defects of the septic tank and water systems.

When appellants were shown the house for the first time, they noted the presence of sand and other matter in the water system. Miles and his sales agent both told the appellants that it was a common problem in houses with private wells that had been vacant for a time, as this one had, and that the problem could be remedied by letting the water run continually for a couple of weeks.

Appellants purchased the house but soon discovered that the sand problem did not abate, and further that sewage waste backed up into bathtubs and the basement. They therefore decided to discontinue payments. This action is the result of that decision.

The appellants first claim that the trial court erred in finding that Miles was not guilty of fraudulent misrepresentation due to his assurances that the water would clear up if allowed to run. The existence of fraud is ordinarily a question of fact. *Goff v. American Savings Association,* 1 Kan. App. 2d 75, 79, 561 P.2d 897. As such, the extent of this court's review is limited to determining whether the trial court's finding is supported by competent evidence when that evidence is weighed in a manner most favorable to supporting the trial court's determination. *Clardy, Administrator v. National Life & Accident Ins. Co.,* 1 Kan. App. 2d 1, 5, 561 P.2d 892.

The necessary elements of fraud are: (1) that the representation was made as a statement of a material fact; (2) that the statement was known to be untrue by the party making it, or was made with reckless disregard for the truth; (3) that the party alleging fraud was justified in relying upon the statement; (4) that the party

alleging fraud actually did rely upon the statement; and finally, (5) that as a result of this reliance, the party alleging fraud was damaged. *Goff v. American Savings Association,* supra, p. 78. The trial court found that Miles had no actual knowledge of the defects in the well and sewer systems, and further found that the statements regarding the water system were not made with reckless disregard for the truth, since the symptoms observed and discussed by the parties are present in systems in good working order and without serious defects. An examination of the evidence introduced at trial leads this court to conclude that the trial court's determination was supported by competent evidence; thus, the trial court's finding that there was no fraud will not be disturbed.

The appellants also allege that the trial court erred in finding that Miles had not fraudulently concealed the defects in the sewer system. An action for fraudulent concealment is similar to that of fraudulent misrepresentation, but in an action for fraudulent concealment, a vendor's silence concerning defects is actionable. *Jenkins v. McCormick,* 184 Kan. 842, Syl. 1, 339 P.2d 8. However, not every silence is actionable. In order for silence regarding a defect to constitute fraud, the seller must have knowledge of a material defect that is not within the fair and reasonable reach of the buyer and which is not discoverable by reasonable diligence. *Jenkins v. McCormick,* supra; *Griffith v. Byers Construction Co.,* 212 Kan. 65, 70, 510 P.2d 198.

The Kansas courts have never directly determined whether actual knowledge is required, or whether implied knowledge is sufficient to support an action for fraudulent concealment. Both the *Jenkins* and *Griffith* cases, cited supra, involved defects within the actual knowledge of the seller. A survey of cases from other jurisdictions indicates that most courts require actual knowledge as an element of fraudulent concealment. For example, see *Weintraub v. Krobatsch,* 64 N.J. 445, 317 A.2d 68; *Simmons et ux. v. Evans et ux.,* 185 Tenn. 282, 206 S.W.2d 295; *Saporta v. Barbagelata,* 220 Cal. App. 2d 463, 33 Cal. Rptr. 661; *Williams v. Benson,* 3 Mich. App. 9, 141 N.W.2d 650; *Lawson v. Citizens & Sou. Nat. Bank of S.C.,* 259 S.C. 477, 193 S.E.2d 124; *Sorrell v. Young,* 6 Wash. App. 220, 491 P.2d 1312.

This court now holds that actual knowledge of the defect is required in order to support a claim of fraudulent concealment.

The trial court found that Miles had no actual knowledge. An examination of the record discloses no evidence indicating that Miles had ever examined the sewer system. Therefore the trial court's determination of no actual knowledge will be upheld.

The appellants' last point on appeal is the trial court's decision that the doctrine of implied warranty of fitness does not extend to the sale of used housing. Kansas has recognized an implied warranty of fitness in the sale of new housing, at least when the seller built the house. *McFeeters v. Renollet,* 210 Kan. 158, 165, 500 P.2d 47. However, this protection has never been extended to the sale of used housing; there the doctrine of *caveat emptor* still prevails.

In this factual situation, where a basically used house has been newly improved by additions, and where the defects existed prior to the additions and are not the result of the additions, this court holds that the doctrine of implied warranty of fitness should not apply. The buyer and seller can deal at arm's length, and each has access to equal knowledge concerning the house; therefore, absent fraud, the doctrine of *caveat emptor* should prevail.

Judgment is affirmed.