**Cecil MEEKER and Jacqueline Meeker, Appellants (Plaintiffs),**

**v.**

**Joe K. LANHAM and Kay E. Lanham, Appellees (Defendants).**

**No. 5165.**

Supreme Court of Wyoming.

Dec. 26, 1979.

R. I. Leedy, Riverton, for appellants.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

This appeal questions whether the judgment of the trial court,[1] which found for the appellees-defendants and against the appellants-plaintiffs,[2] was contrary to the weight of the evidence that appellees made fraudulent misrepresentations (1) concerning the quality of domestic water supply, and (2) concerning the boundary lines of the property, in the course of a sale of real property. The appellant also asserts that the trial court did not apply the proper measure of damages for fraud in the transfer of real property.[3]

We will affirm.

By contract, dated August 31, 1975, the appellant agreed to purchase a rural residential home which was situated on 2.016 acres, more or less, for the sum of $59,-500.00. Prior to consummating the sale, appellant contends that he and the appellee

1. The case was tried to the court without a jury.

2. The appellants and the appellees are husband and wife and for convenience we will refer to them in the singular (appellee or appellant).

3. Because of our disposition, we will not discuss this question.

walked part of the fence line surrounding the property; and the appellant was thus led to believe that fence was the boundary of the property.[4] Also, appellee failed to inform appellant of a private right-of-way that ran through the front yard of the property and that the acreage on which the house is situated is not contiguous to the public road in front of the property. Further, appellant asserts that prior to consummating the sale he inquired of the appellee as to the quality of the domestic water supply and was told that the appellee used the water for everything except "making coffee."

The record in this case indicates that the issue concerning any representations that may have been made by the appellee was hotly disputed. Appellee asserts that he made it plain to the appellant that the fence lines were not necessarily the boundaries of the property and that they were placed to keep cattle from getting on the acreage. Appellee's evidence indicated that the right-of-way through the front yard was discussed between the parties before the sale was consummated and that the road was plainly marked with ruts.[5] There is little or no mention in the record of the problem of access to the public road and we can only conclude that the issue was not presented to the trial court and was apparently resolved before the trial. In addition, the appellee claims he told the appellant that he did not use the water for drinking because it did not taste good but that he used it for all other purposes.

■ There were serious conflicts in the evidence which the trial court had to resolve. Although no specific findings were made by the trial court, the conflicts were obviously resolved in favor of the appellee. *Reed v. Wadsworth*, Wyo.1976, 553 P.2d 1024, 1037. We cannot substitute our judg-

ment for that of the trial court, and the findings of the trial court must be sustained unless clearly erroneous or contrary to the great weight of evidence. *Diamond Management Corp. v. Empire Gas Corp.*, Wyo. 1979, 594 P.2d 964; *Kvenild v. Taylor*, Wyo. 1979, 594 P.2d 972. We examine the evidence in the light most favorable to the prevailing party and resolve all conflicts in the testimony in his favor. A general finding carries with it every finding of fact which can reasonably and fairly be drawn from the evidence. *True v. Hi-Plains Elevator Machinery, Inc.*, Wyo.1978, 577 P.2d 991.

■ Appellant asserts that the above rules of review used by this court are no impediment to the reversal of this case because of the following rules of law set out in *Simpson v. Western National Bank of Casper*, Wyo.1972, 497 P.2d 878, 880, quoting from *Twing v. Schott*, 1959, 80 Wyo. 100, 338 P.2d 839:

> "Ample authorities were cited in the *Twing* opinion for acceptance of the following rules pertaining to fraud, all of which we deem pertinent to our decision at this time:
>
>> "'It is certainly true that any active conduct or words which tend to produce an erroneous impression may amount to fraud, and half the truth may be a lie in effect.'"
>
> "Even when a party is under no duty to speak regarding a matter, if he does speak, he must speak the truth and make a full and fair disclosure."
>
>> "'A statement of opinion in a business transaction upon facts not disclosed or otherwise known to the recipient may reasonably be interpreted as an implied statement that the maker knows of no fact incompatible with his opinion.'"

4. There is no dispute but that the piece of property in question contained the 2.016 acres specified in the deed. The dispute arose because the property is in essence a long, narrow rectangular strip of land whereas the appellant contends he understood the land to be more evenly proportioned with a front yard some 30 or 40 feet wider than it in fact is.

5. The road is used by the owner of the surrounding land for access to do irrigating during the irrigating season which apparently lasts most of the summer and early fall. This sale, as before stated, was consummated in late summer.

" 'If in addition to the party's silence there is any statement, even any word or act on his part, which tends affirmatively to a suppression of the truth, to a covering up or disguising the truth, or to a withdrawal or distraction of the other party's attention or observation from the real facts, then the line is overstepped, and the concealment becomes fraudulent.' " (Footnote omitted.)

Appellant argues that appellee stepped over the line because he only told appellant enough to induce him to purchase the property and fraudulently [6] concealed from him the true facts regarding the dimensions of the property and the condition of the domestic water supply. While we reaffirm our commitment to the rules of law regarding fraud that are relied upon by the appellant, we cannot agree that the record supports his request that we apply these rules of law to the facts of this case.

The only evidence presented by appellant was his own version of the discussions before the purchase and the fact that testing of the water supply after the purchase revealed that the water supply, although bacteriologically safe, was not fit for human consumption because of dissolved mineral content. The appellee claimed he had told appellant that he did not drink the water but that he used it for all other purposes.[7] Appellant presented no evidence from which it can even be inferred that these statements made by appellee were anything but good faith characterizations based upon appellee's knowledge at the time of the sale. There is no implication of any concealment of known defects. See *Miles v. Love*, supra, 573 P.2d at 625; *Bonin v. Howard*, 1975, 115 N.H. 86, 333 A.2d 450, 451. One cannot be guilty of fraudulently or intentionally concealing or misrepresenting facts of which he is not aware. *Raney v. Mack*, Tex.Civ.App.1973,

504 S.W.2d 527, 534. We can only conclude from this record that the trial court could justifiably conclude that the appellee revealed to the appellant exactly what he knew about the water and that he misrepresented nothing.[8]

With regard to the boundary lines, the rule regarding misrepresentations concerning the boundaries of property, is correctly pointed out to us by the appellant:

"A purchaser has the right to rely upon the representations of the seller as to the boundaries of the land, and if the seller misrepresents the true boundary of the land, whether innocently or intentionally, it is a ground for recission by the purchaser." *E. H. Dreifus Lumber Co. of Oregon v. Werner*, 1960, 221 Or. 467, 351 P.2d 684, 686; Annot., 33 A.L.R. 853, 1039–1047; See, West's Digest System, Vendor and Purchaser, ▮

Election of the remedy of rescission is recognized by this court in *Flygare v. Brundage*, 1956, 76 Wyo. 350, 363, 302 P.2d 759, 764, though the facts there were different than here.

The record again presents only a conflict in the evidence. The appellant asserted that appellee walked one of the fence lines of the property with him and pointed out that as the boundary of the property. With regard to another property line, appellant claims appellee pointed out a fence as the proper boundary. Appellee's testimony was:

"And I also told Mr. Meeker that it was a 50 foot right of way that belonged to Mr. Jones that came in front of the house there. I pointed that out to him.

"I also told Mr. Meeker that the one fence I put up myself, that the reason we put it up was to keep Mr. Jones' cattle from coming in and messing on our mate-

---

6. The elements of fraud are set out in *Johnson v. Soulis*, Wyo.1975, 542 P.2d 867; *Davis v. Schiess*, Wyo.1966, 417 P.2d 19; and see *Miles v. Love*, 1977, 1 Kan.App.2d 630, 573 P.2d 622, 624.

7. Appellees claimed to have used the water for bathing, laundry, et cetera; and there was no

evidence to indicate that was untrue. The evidence indicated that appellee had used a water softening system but that appellant discontinued its use because it was ineffective.

8. See generally cases digested at West's Digest System, Fraud, ▮

rials and that I didn't know if this fence was on the correct line or not."

Appellee further testified that the roadway was clearly discernible and well traveled. Appellee testified that he had never had the property surveyed and that he had not walked the boundary with appellant or otherwise specifically pointed out the boundaries of the property, but rather the two of them had merely walked out on the front driveway and appellee had described the land in general terms to the appellant.

Based on the state of this record, we can only conclude that there was sufficient evidence from which the trial court could conclude that appellee did not undertake to describe the boundaries of the property to the appellant with any specificity beyond the descriptions set forth in the warranty deed. Further, the trial court could well have concluded that appellant specifically disclaimed knowledge of the exact boundaries of the property and clearly made known to the appellant that the fence line did not necessarily coincide with the actual boundaries of the property. In addition, appellant got *exactly* what he bargained for in terms of the number of acres involved in the transaction. Under these circumstances, we cannot disturb the findings of the trial court.

Affirmed.