(561 P.2d 892)

No. 48,192

JAMES CLARDY, ADMINISTRATOR OF THE ESTATE OF LUCY .CLARDY, *Appellant*, v. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, A Corporation, *Appellee*.

Opinion filed February 25, 1977.

*Charles S. Scott*, of Scott, Scott, Scott & Scott, of Topeka, for the appellant.

*S. Mark Edwards*, of Hoover, Schermerhorn, Edwards & Pinaire, of Junction City, for the appellee.

SWINEHART, J.: The plaintiff was the duly appointed, qualified and acting administrator of the estate of Lucy Clardy. Lucy Clardy was the beneficiary of a life and accident insurance policy issued by the defendant herein on the life of one Charles E. Johnson. The pertinent provisions of the policy are:

"(4) EXCEPTIONS—No indemnity shall be payable hereunder on account of any

disability or loss caused by or resulting from (a) injuries intentionally inflicted upon the Insured by himself, while sane or insane, or by any other person other than an assailant attempting to burglarize the Insured's household or rob the Insured; . . ."

Trial was to the court, based upon stipulations by the parties as to facts and testimony of various witnesses. The two questions decided by the trial court were:

"1. Whether the insured's death resulted from accidental means or was intentionally inflicted upon the insured by himself, or by any other person other than an assailant attempting to burglarize the insured's household or rob the insured.

"2. Should attorney's fees be awarded to plaintiff's attorney pursuant to K.S.A. 40-256."

The trial court found:

"1. That the court has jurisdiction of the parties and the subject matter.

"2. That the plaintiff, Lucy Clardy, is the beneficiary under a policy of insurance on the life of Charles E. Johnson with the National Life and Accident Insurance Company.

"3. That on the 3d day of December, 1968, Charles Johnson was mortally wounded by stabbing.

"4. That the assailant was Helen Jean Slate.

"5. That there is, under the insurance policy, under item numbered (4), 'Exceptions,' a statement which reads as follows: 'No indemnity shall be payable hereunder on account of any disability or loss caused by or resulting from (a) injuries intentionally inflicted upon the insured by himself, while sane or insane, or by any other person than an assailant attempting to burglarize the insured's household or rob the insured. . . .'

"6. The court finds that said assault was not during a burglary or an attempt to rob the said Charles E. Johnson. The court finds that the obligation to go forward with the evidence and the burden of showing that the death falls within the purview of the policy is upon the plaintiff herein. The court believes that the plaintiff has not sustained said burden from the evidence as presented.

"7. The court specifically finds that said death was not accidental in that the court was presented with no evidence which would sustain such a finding. The court incorporates herein the stipulations and agreed facts as submitted to the court, the same as if they were set forth herein.

"8. Based upon the above findings of fact and conclusions of law, the court must grant judgment to the defendant and tax the costs of this action to the plaintiff."

This decision of the court was modified as a result of ruling on defendant's motion for amendment, to the extent that is material to the determination of the questions here involved, as follows:

"The record discloses that death of insured was the result of a murderous assault upon him for which he is in no wise chargeable with blame. Such death is caused by 'accidental' means within a policy insuring against disability or death

from accidental means, though inflicted intentionally so far as the assailant is concerned. *Kascoutas v. Federal Life Insurance Company*, 193 Iowa 343, 22 ALR 294.

"The death certificate upon which defendant relies to establish 'non-accidental' death, shows 'murder' as the circumstance of the fatal stab wound. While the court recognizes that 'homicide' would have been a more judicious answer to the question posed, the fact remains that the death certificate substantiates the claim of death by accidental means as above defined.

"Finding No. 7 is amended by striking the word 'not' in Line 2; placing a period after the word 'accidental,' and striking the remaining words in the first sentence.

"The 'threshold question' of accidental death having been determined, the second objection that the Court placed the burden upon plaintiff to negate the exceptions to recovery under the policy is considered. The record discloses evidence adduced by the defendant that the assailant was one Helen Jean Slate and that the assault was not made during a burglary or an attempt to rob the insured, and the Court so found placing the claim squarely within the policy exception, 'No indemnity shall be payable hereunder on account of any disability or loss caused by or resulting from (a) injuries intentionally inflicted upon the insured by himself, while sane or insane, or by any other person other than an assailant attempting to burglarize the insured's household or rob the insured.' "

Judgment was entered in favor of defendant, and plaintiff-administrator now appeals.

The testimony presented to the trial court by written stipulation was that the deceased, Charles E. Johnson, had been acquainted with Helen Slate for a period of time prior to December 3, 1968, and said acquaintance was more than a mere casual one. On December 3, 1968, at approximately 8:00 a.m., Charles E. Johnson was at the home of Helen Slate, and at the same time, there was another man, Fred Wilson, in the bedroom of the home of Helen Slate. Further testimony revealed that the man in Helen Slate's bedroom had previously threatened to kill Helen Slate if the victim was ever caught in her home again. Charles Johnson, who was in the process of leaving said home, a taxicab having been called for him by Helen Slate, had departed from the residence and was standing near the street. Helen Slate was observed leaving the house thereafter, and in conversation with Charles E. Johnson in the front yard. A passerby noted that Charles E. Johnson and Helen Slate, while in the front yard at this time, appeared to be loving and kissing. Shortly thereafter, Charles E. Johnson was observed lying on the ground, bleeding profusely. A knife with approximately a four-inch blade was found in the grass near the body. An ambulance was called, and Mr. Johnson was taken to the emergency room of the hospital.

During the trip, Helen Slate rode in the ambulance and made the following statements in the presence of the ambulance driver and some police officers, to-wit: "I did it, but don't let him die." At the emergency room again Mrs. Slate was overheard making the following statement: "I did it, I did it, please don't let him die."

Evidence as a result of the autopsy indicates the deceased did die of a stab wound. The autopsy report further shows that the stab wound was in the chest area and that the offending weapon penetrated the heart in a downward direction, and that this wound was approximately three and one-half inches deep. The autopsy report further indicates that the chemical test concerning blood alcohol content was performed, and Charles E. Johnson, shortly after his death, had blood alcohol content of .169.

The evidence further indicates that the victim's mother, Lucy Clardy, had, in a previous conversation with the victim, warned him about his relationship with Helen Slate.

As has been previously indicated, the parties agreed that the witnesses, if they had testified in person, would have testified as presented to the court and briefly outlined above.

Plaintiff, for his argument on appeal, raises the issue of whether the death, found to be accidental in nature, falls within the exclusionary clause which denies recovery if the assailant was a person other than one attempting to burglarize the insured's household or to rob him, or whether the accidental death as found by the court falls within the general coverage of the policy. Plaintiff maintains in light of the evidence presented to the court that the court erred when it found that the death of Charles E. Johnson resulted from an intentional wound inflicted upon the insured by persons other than an assailant attempting to burglarize the insured's household or rob the insured. Plaintiff further contends the lower court erred when it found that the evidence presented by the defendant insurance company was sufficient to show that the death of the deceased fell within the exclusions providing for no indemnity in the insurance policy, and that the plaintiff had the obligation to go forward with the evidence to show that said attack by the assailant did not come within the exclusionary provisions of this particular section of the policy. Plaintiff cites the case of *Broyles v. Order of United Commercial Travelers*, 155 Kan. 74, 122 P. 2d 763, and *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.*, 215 Kan. 937, 529 P.

2d 171.

The defendant maintains that such cases are inapplicable for the reason that the evidence here presented was sufficient for the court to make the finding that the injuries inflicted upon the deceased, Charles E. Johnson, by Helen Slate were inflicted intentionally and were not inflicted during the commission of a robbery of the deceased or during the course of burglarizing his household.

This court does not feel that the above cited cases are in point in this particular case, for the reason that the trial court did find from the evidence presented that the said Charles E. Johnson met his death by accidental means. This was gleaned by the court from all the stipulated testimony. From the same testimony, the court made the further finding that the death was a result of an intentional assault upon the insured by one Helen Slate and that said assault did not take place during the course of a robbery of the insured or burglary of the insured's household. Without further testimony, the preponderance of the evidence precluded recovery by the plaintiff-beneficiary.

The recognized rule in Kansas is that one who claims benefits under an insurance policy has the burden of showing that the injury suffered was of a type included in the general provisions of the insurance contract. *See Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 522 P. 2d 401. Further, an insurance company, seeking to avoid liability under an exclusionary clause in its policy, has the burden of proving that the loss falls within the exclusion. *Baugher v. Hartford Fire Ins. Co.*, supra; *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.*, 215 Kan. 937, 529 P. 2d 171. The record in this case shows that the evidence was presented to the trial court by agreed stipulation. The court found that, based on this evidence, the defendant had met its burden of proof. This being so, judgment for defendant was proper because plaintiff, by agreeing to the stipulation, waived any rebuttal evidence he might have had.

The findings of fact are attacked for insufficiency of evidence. The duty of the appellate court is to search the record to determine whether there is competent evidence to support the findings. The appellate court will not weigh the evidence. Further, the reviewing court must review the evidence most favorable to the party who prevailed below. *Union National Bank and Trust*

*Co. v. Acker,* 213 Kan. 491, 516 P. 2d 999.

Applying the foregoing rules, and after review of all of the arguments of counsel and consideration of the facts as presented to the trial court, this court finds that although there was no eyewitness to the actual stabbing, the trial court could have reasonably drawn the inference from all of the circumstances, including but not limited to the relationship of the parties, the depth and direction of the wound, the length of the knife used, and the statements in the nature of admissions by Helen Slate, "I did it, I did it, don't let him die," that the act of stabbing was done intentionally by Helen Slate, and not in an attempt to rob the victim or commit a burglary. This court finds that there was no abuse of discretion, and that there was substantial evidence to support the facts above set forth, and that the court did not shift the burden of proof to the plaintiff to prove that section 4 of the insurance policy was not applicable.

We conclude the order of the lower court, finding in favor of the defendant, was based upon substantial evidence. We further conclude the burden of proof was immaterial for the reason that all of the evidence was presented and considered by the trial court at the same time, and the evidence presented was prepared by plaintiff's counsel, and acquiesced in by the counsel for defendant.

Judgment of the lower court is affirmed.

ABBOTT, J., not participating.