No. 48,547

MARYLAND CASUALTY COMPANY, a Corporation, and DEVON PATTERSON, *Appellants*, v. ALLIANCE MUTUAL CASUALTY COMPANY, INC., *Appellee.*

(576 P.2d 625)

Opinion filed April 1, 1978.

*Jerry M. Ward,* of Ward & Berscheidt, of Great Bend, argued the cause and was on the brief for the appellants.

*Ken W. Strobel,* of Williams, Larson, Voss, Strobel & Estes, of Dodge City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is an action between two insurance companies to determine primary coverage and liability for injuries received in a vehicle loading incident. The injured party was Virgel T. Fakes who was assisting DeVon Patterson in moving heavy oil well pumping equipment from one location to another unit. Fakes sued and recovered a judgment against Patterson for $20,981.10.

Maryland Casualty Company had insured the employer of Patterson, Cliff Keller Contractor, under a comprehensive general liability policy and defended the action brought by Fakes. The injuries to Fakes occurred while Fakes and Patterson were using a large winch truck owned by Fakes.

Alliance Mutual Casualty Company had insured Fakes under a general automobile liability policy covering the use of the winch truck. A demand was made upon Alliance on behalf of Patterson to defend the action and protect Patterson against any judgment

that might be entered against him. Alliance declined the demand and refused to defend the action.

After unsuccessfully defending the action Maryland paid the judgment entered against Patterson and then brought the present action against Alliance. The outcome of this action depends upon the construction of certain provisions in the liability policy issued by Alliance covering the use of the winch truck.

The case was submitted to the district court upon a stipulated record, statement of facts and issues, and is before this court upon an agreed statement of the case.

On the date of the accident Sunray Oil Company - DX Division (Sunray DX) was the owner and operator of the oil lease where the injuries occurred. A lease foreman for Sunray DX contacted Patterson, an employee of Cliff Keller Contractor (Keller), and engaged his services in moving a piece of heavy equipment from one pumping unit to another. Patterson advised the foreman for Sunray DX he would need a winch truck to complete the job. Fakes owned a winch truck. The foreman for Sunray DX arranged for Fakes to assist Patterson on the job. Fakes had previously worked with his winch truck for Sunray DX on its leases and was to be paid by Sunray DX for this job. Fakes owned and operated a garage in Jetmore, Kansas.

Fakes drove the winch truck to the lease and, under the direction of Patterson, backed the truck into position so the cable on the jin poles could be fastened to the pumping unit. The winch line was attached and Patterson and Fakes climbed onto the pumping unit and began removing the bolts which secured the unit. When the last bolt was removed the unit shifted and knocked Fakes to the ground, thus causing his injuries.

The Alliance liability insurance policy issued to Fakes on the winch truck contains the following provisions:

"PERSONS INSURED

"Each of the following is an *insured* under this insurance to the extent set forth below:

"(c) any other persons while using an *owned automobile* or a *hired automobile* with the permission of the *named insured,* provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to *bodily injury* or *property damage* arising out of the loading or unloading thereof, such other person shall be an *insured* only if he is;

"(1) a lessee or borrower of the *automobile,* or

"(2) an employee of the *named insured* or of such lessee or borrower;"

The trial court concluded that, although Fakes was injured as a result of the loading of Fakes' winch truck, Patterson was not a person insured within the meaning of the policy provisions and entered judgment for defendant, Alliance. We are now required to review that decision.

The parties to this appeal have urged this court to apply certain rules of construction in deciding the case. After studying the pertinent policy provisions we find no ambiguity in the language used. When policy provisions are clear and unambiguous there is no need for application of rules of construction, and this is particularly true in an action between two insurance companies who draw insurance agreements and should know the meaning of the words used as they are understood in the general field of insurance. (*Esfeld Trucking, Inc. v. Metropolitan Insurance Co.,* 193 Kan. 7, 10, 392 P.2d 107 [1964]; *United States Fid. & Guar. Co. v. Western Cas. & Surety Co.,* 195 Kan. 603, 605, 408 P.2d 596 [1965].)

The policy covering the winch truck extended liability coverage to the named insured (Fakes) and to any other person using the insured vehicle with the permission of the named insured. We will assume without deciding the question that Patterson was using the winch truck within the meaning of the policy provision. With respect to injuries sustained during the loading or unloading of the vehicle the policy extended coverage to (1) a lessee or borrower of the vehicle, (2) an employee of the named insured, or (3) an employee of a lessee or borrower.

In reaching its decision the trial court made several specific findings. The court found that "bodily injury was sustained as a result of the loading of Fakes' winch truck." The stipulated facts would support that finding; so Patterson would be a person insured (1) if he were a lessee or borrower of the winch truck, (2) if he were an employee of the named insured (Fakes), or (3) if he were an employee of the lessee or borrower of the truck.

The first question to be answered—Was Patterson or his employer the lessee or borrower of the truck?

We believe the district court properly answered this question in the negative. The record clearly indicates Fakes was approached by the lease foreman for Sunray DX. Fakes was instructed to take his truck to the well site and he was to be paid by Sunray DX for the use of his vehicle. There was never any contact between

Fakes and Patterson or Keller prior to his arrival at the well site. If there were a lessee or borrower of the winch truck it was Sunray DX, not Patterson or Keller.

The second question to be answered—Was Patterson an employee of the named insured, Fakes?

The record indicates that Fakes came to the well site at the request of Sunray DX to provide the winch truck needed to move the heavy equipment to another location. Patterson was an employee of Keller who did general contract work in the oil fields in that vicinity. Fakes owned and operated his own business, known as Fakes' Garage in Jetmore, Kansas, and was not engaged in the oil field business. No compensation or consideration was to be paid by Fakes to Patterson. The district court correctly decided Patterson was not an employee of the named insured, Fakes.

Assuming without deciding that Sunray DX was the lessee or borrower of the winch truck within the meaning of the policy provisions, the third and final question is—Was Patterson an employee of Sunray DX?

We believe the district court correctly answered this question in the negative, for although Maryland now contends that Patterson was a statutory or special employee, as might be possible under workers' compensation law, no such claim was urged in the district court. In addition, the facts stipulated in the court below when the case was submitted would not support such a claim. The parties stipulated as follows:

"That on July 29, 1968, the plaintiff, DeVon Patterson, was an employee of Cliff Keller d/b/a Cliff Keller Contractor . . ."

There was no evidence, stipulated or otherwise, from which the court could find that Patterson was a statutory or special employee of Sunray DX. This third question must be answered in the negative. Patterson was not an employee of Sunray DX.

The parties discuss two New York cases as supporting their respective positions. Both cases are factually dissimilar to the present case. In *Broome Co. Fire Ins. v. Aetna Life,* 75 Misc. 2d 587, 347 N.Y.S.2d 778 (1973), the policy contained the same provision we deal with in the present case. In *Broome* a Mrs. Pilcher invited Mrs. Miller to her house. Mrs. Miller was crippled and was unable to move about without using a wheelchair. Mrs. Miller owned a car adapted to passengers using wheelchairs. So Mrs. Pilcher left her car at Mrs. Miller's home and drove Mrs.

Miller in Mrs. Miller's own car. On arriving at Mrs. Pilcher's house, Mrs. Pilcher attempted to help Mrs. Miller out of the car and into the house. She lost control of the wheelchair and Mrs. Miller fell, injuring herself. Although the New York court found the injuries occurred in unloading the automobile, the ultimate decision of the court rested on the question of whether Mrs. Pilcher was a borrower of Mrs. Miller's car. The New York court held the Miller car was being used primarily for Mrs. Miller's benefit. Mrs. Pilcher was not a borrower within the meaning of the policy terms, and her liability for injuries was not covered by Mrs. Miller's policy.

In *Kozdranski Co. v. Jamestown Mut. Ins.,* 40 A.D.2d 187, 338 N.Y.S.2d 634 (1972), Kozdranski contracted with Stauffer Chemical Company (Stauffer) to clean out a sludge pit on the Stauffer premises. To complete the contract with Stauffer, Kozdranski needed a backhoe and a dump truck. He arranged with one Gross to supply the dump truck and an operator. While a Kozdranski employee was using a backhoe to load sludge into the Gross dump truck, a third party was injured. The question was whether the policy on the Gross dump truck covered the negligence of the Kozdranski employee in loading the truck. The New York appellate court noted that Kozdranski hired the Gross truck and Kozdranski directed the loading operation. The court concluded that absent any evidence Gross was an independent contractor; the truck was leased from Gross within the meaning of the policy.

The factual differences bearing on liability in the Kozdranski case are apparent. In our present case Keller (Kozdranski) the contractor did not hire the Fakes (Gross) truck. In the *Kozdranski* case Kozdranski did hire the Gross truck. Sunray DX arranged for and hired the Fakes truck in the case at bar.

Neither of the New York cases is dispositive of any of the questions on which our present case is decided. Accordingly the judgment of the district court is affirmed.