(617 P.2d 1277)
No. 51,203

ERNESTINE CLOUD, *Appellee,* v. THE TRINITY COMPANIES, TRINITY UNIVERSAL INSURANCE CO., *Appellant.*

Opinion filed October 24, 1980.

*J. Eugene Balloun* of Payne & Jones, Chartered, of Olathe, for the appellant.

*Joseph A. Bukaty,* of Kansas City, for the appellee.

Before PARKS, P.J., ABBOTT and REES, JJ.

ABBOTT, J.: This is an appeal by the defendant-insurance company from a judgment in favor of the plaintiff-insured in the amount of $300.00 plus $150.00 attorney fees. The only question involved is whether water damage to the insured's home should be paid for by the insurance company.

The case was submitted to the trial court on stipulated facts. The parties stipulated to two exhibits—the insurance policy and the repair bill. The pertinent part of the stipulation reads:

"(b) That in January, 1979, plaintiff sustained damage to her residence at 2902 West 45th Street, Kansas City, Kansas as a result of snow melting and leaking into the house and causing damage to the ceiling and wall in the amount of $400.00." [The policy provides for a $100.00 per loss deductible.]

The repair bill states in pertinent part as follows: "Repair leak that caused ceiling damage to the above."

The insurance policy is a named perils policy and, in pertinent part, insures against windstorm or hail. The policy *excludes* coverage for damage to the interior of the building caused by rain, snow, sand or dust, whether driven by wind or not, unless the building first sustains actual damage to the roof by direct force of wind or hail, and the rain, snow, sand or dust enter the building through that opening.

Based on the stipulations before him, the trial judge found:

"Plaintiff's repair bill includes repair to the roof where the 'leak' was. The Court

feels that this raises an inference that there was some outside force which caused said leak.

"This inference could lead a reasonable man to believe that said outside force could very well be wind, excluding hail in the month of January.

"As such, plaintiff raises a rebuttable presumption and makes a prima facie case that could find triers of the fact to conclude the leak was caused by wind damage.

"Carrying its burden under a policy that is authored and controlled by the company, without negotiations or input on the part of the purchaser, this plaintiff can thus require the defendant to come forward and rebut the presumption of wind damage prior to the leak."

This matter was submitted on a written stipulation of facts; thus, we may reach our own conclusions concerning these facts. *Clark Equip. Co. v. Hartford Accident & Indemnity Co.*, 227 Kan. 489, 491, 608 P.2d 903 (1980). While it is true that terms of an insurance policy which are ambiguous will be construed in the light most favorable to the insured [*Fancher v. Carson-Campbell, Inc.*, 216 Kan. 141, Syl. ¶ 2, 530 P.2d 1225 (1975)], this rule does not come into play where the terms of the contract are not ambiguous. *Maryland Cas. Co. v. Alliance Mut. Cas. Co.*, 223 Kan. 674, Syl. ¶ 1, 576 P.2d 625 (1978); *Fowler v. United Equitable Ins. Co.*, 200 Kan. 632, 634, 438 P.2d 46 (1968). Here, neither party contends the contract terms are ambiguous and they do not appear to us to be so.

An insurance company seeking to avoid liability under an exclusionary clause in its policy has the burden of proving that the loss falls within the exclusion. *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.*, 215 Kan. 937, 529 P.2d 171 (1974); *Clardy, Administrator v. National Life & Accident Ins. Co.*, 1 Kan. App. 2d 1, Syl. ¶ 2, 561 P.2d 892 (1977). This fact, however, does not leave the insured without a burden as the court explained in *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 900-01, 522 P.2d 401 (1974):

"The distinction between 'coverage' provisions and exculpating or 'exclusionary' clauses in an insurance contract is the decisive factor in determining which party has the burden of proof on an issue, where coverage under the policy is disputed. The assured has the burden of proving that the loss was of a type included in the general coverage provisions of the insurance contract. (*Ruffalo's Truck Serv. v. National Ben-Franklin Ins. Co.*, 243 F.2d 949 [1957].)"

The rule which places the burden upon an insurer to prove an exclusion to avoid liability does not apply where what is involved is actually a construction of a coverage clause of the policy. *Mobil Oil v. Reliance Ins. Co.*, 69 Misc. 2d 876, 878-79, 332 N.Y.S.2d

532 (1971), *aff'd* 39 App. Div. 2d 839, 333 N.Y.S.2d 747 (1972). As a result, plaintiff here shouldered the initial burden of demonstrating that the damage to her house fell within an insured peril. In our opinion, she has failed to meet that burden.

An examination of the insurance policy reveals that ten specific "perils insured against" are denominated as covered perils. Plaintiff claims coverage under the peril "Windstorm or Hail." The parties' stipulation contains no mention of wind. There is no contention the roof was damaged by hail. Without at least some indication in the evidence of the type of roof damage or the fact there had been a strong wind, it is difficult to agree with the trial judge that wind-caused damage is a ready and reasonable inference from the stipulated facts. The mere fact there is a leak in a roof does not alone support an inference that the leak was caused by wind.

Legal commentators are in accord. In 11 Couch on Insurance 2d § 42.343 (2d ed. 1963), it is said:

"Liability cannot be based upon conjecture. In consequence, where a fire policy contained an extended coverage indorsement including windstorm and providing that there should be no liability for loss by high water or overflow, whether driven by wind or not, but that there should be liability for loss to the interior of the building or property therein caused by rain, whether driven by wind or not, if the building first sustained actual damage to the walls by the direct force of wind and the rain entered through such holes in the wall, and where during a windstorm and downpour the basement door of the insured's building was broken and the basement flooded by the accumulation of water, damaging property therein, there could be no recovery on the policy under evidence which left only conjecture as to whether the wind broke the door or the pressure of accumulated water in the streets broke the door, or whether the dominant cause was neither the wind nor the water but equally the result of both.

"Similarly a windstorm policy excluding loss caused by water, whether driven by wind or not, unless the building first sustains an actual damage by wind, and water enters through openings made by direct action of wind, does not eliminate the possibility that a given rain and windstorm may produce both recoverable damage within the coverage and other damage within the exclusions, and in such case the insured's proof must be such as to enable the fact finder to find without resort to sheer conjecture the amount of the particular loss ascribable to the covered hazard."

Plaintiff has failed to meet her initial burden of proving a prima facie loss within the coverage of the policy, and it would be mere conjecture to say the opening in the roof was caused by wind.

Reversed.