CANAL INSURANCE
COMPANY, Plaintiff,

v.

James P. EARNSHAW, d/b/a Earnshaw House Movers, et al., Defendants.

Civ. A. No. 83–2164.

United States District Court,
D. Kansas.

April 26, 1985.

Douglas N. Ghertner, William G. Beck, Reggie C. Giffin, Lee M. Baty, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., Edward M. Boddington, Jr., Frank

Weidling, Boddington & Brown, Kansas City, Kan., for plaintiff.

John G. O'Connor, Barnett & Ross, Chartered, Kansas City, Kan., for Steven D. Jenkins.

William L. Roberts, Kansas City, Kan., Joseph B. Bott, Kansas City, Mo., for Delbert Starks.

Eric C. Rajala, Overland Park, Kan., for James P. Earnshaw.

James O. Schwinn, Jeffrey L. Lauersdorf, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for George W. Manuel.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motions for sanctions and plaintiff's motion for summary judgment. Defendants Earnshaw and Manuel have filed separate motions for summary judgment. Defendant Manuel has also filed a motion for enlargement of time. The court will first consider plaintiff's motions for sanctions.

In plaintiff's first motion for sanctions (Docket Entry No. 73), plaintiff seeks sanctions against defendant Earnshaw for failure to attend his scheduled deposition and for failure to answer interrogatories. This court issued on October 15, 1984, a show cause order granting defendant Earnshaw ten (10) days to show cause why sanctions should not be entered. No response having been filed, this court finds that sanctions are in order. Pursuant to Rule 37(d), Federal Rules of Civil Procedure, defendant Earnshaw is ordered to pay plaintiff's reasonable expenses, including attorneys' fees, caused by his failure to attend the scheduled deposition and to answer interrogatories.

Plaintiff's second motion for sanctions was filed on January 2, 1985 (Docket Entry No. 87). Plaintiff requests the court to enter an order prohibiting defendants from filing pleadings or introducing matters in opposition to the proposed findings of fact and conclusions of law filed by plaintiff on December 3, 1984, and that these proposed findings of facts and conclusions of law be taken as established for the purposes of this action. Plaintiff further requests that summary judgment be entered in its favor against all defendants and that defendants be required to pay all reasonable expenses caused by defendants' failure to comply with this court's orders. Plaintiff bases this motion on defendants' failure to timely file a summary of anticipated testimony of witnesses, a trial brief and proposed findings of fact and conclusions of law. This court, in an order dated January 16, 1985, denied plaintiff's motion as it pertains to defendant Starks. Upon review of the record, this court finds that plaintiff's motion should be denied as it pertains to all defendants in this action.

In reference to defendant Manuel's motion for enlargement of time, this court notes that said defendant has already filed his reply brief to plaintiff's memo. Therefore, such motion is moot.

The court will now consider the motions of the parties for summary judgment. The uncontroverted facts are as follows. This is a declaratory judgment action filed by plaintiff pursuant to 28 U.S.C. 2201, in which this court is requested to declare plaintiff's rights and obligations under a policy of insurance issued to defendant James P. Earnshaw, doing business as Earnshaw House Moving and Development. This policy covered a 1974 International tractor, a set of dollies, and a 1982 homemade semitrailer through the period of January 27, 1982, to January 27, 1983. Defendant Jenkins has filed an action in the District Court of Wyandotte County, Kansas, against defendants Earnshaw, Manuel, Balcom and Starks alleging he was injured in the course of his employment as a result of the negligence of defendants. On June 24, 1982, at the time of the alleged accident and injury, defendant Jenkins was performing general labor for defendant Earnshaw involving the moving and relocating of a building structure to Bonner Springs, Kansas. Defendants were involved in the loading or unloading of the

1982 homemade semi-trailer at the time the alleged injury and accident occurred with defendants Manuel and Starks assisting defendant Jenkins in the movement of a beam located on the trailer.

In order to rule favorably on a motion for summary judgment, the court must first determine that the matters considered in connection with the motion disclose "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56, Federal Rules of Civil Procedure. The principal inquiry is therefore whether a genuine issue of material fact exists. *Dalke v. The Upjohn Co.*, 555 F.2d 245 (9th Cir.1977); *Hanke v. Global Van Lines, Inc.*, 533 F.2d 396 (8th Cir.1976). A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir. 1980).

■ Plaintiff argues for summary judgment based on various exclusions contained in the policy. The court will consider plaintiff's arguments regarding each defendant separately. Defendants Earnshaw and Jenkins claim that the alleged injury arose

out of and in the course of "domestic employment," and that defendant Jenkins at the time of his alleged injury was loading or unloading an "owned automobile" with defendant Earnshaw's permission as defined by the terms of the policy. Plaintiff argues that Exclusion C precludes coverage. Defendant Earnshaw admits that defendant Jenkins was not engaged in domestic employment in the sense that the duties performed were of a household nature. Exclusion C provides that this insurance does not apply "to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefore are in whole or in part, either payable or required to be provided under any workmen's compensation law; ..." Defendant Earnshaw argues that he is the named insured under the policy and that the domestic employment exclusion does not relieve plaintiff from its obligations because such exclusion is ambiguous and should be construed against the plaintiff. The rules for construction of insurance contracts are well established. "Language in a contract of insurance is ambiguous if the words used to express the meaning and intention of the parties are insufficient in a sense that the contract may be understood to reach two or more possible meanings...." *Western Casualty & Surety Co. v. Budig*, 213 Kan. 517, 519, 516 P.2d 939, 941 (1973). "If the language when given its everyday commonly accepted meaning is clear and specific in presenting the subject matter at hand, the objective to be accomplished, the burdens assumed, and the benefits to be enjoyed or received, then the terms of the insurance policy cannot be said to be doubtful of meaning or conflicting in terms...." *Casey v. Aetna Casualty & Surety Co.*, 205 Kan. 495, 499, 470 P.2d 821, 826 (1970). When the terms of an insurance policy are ambiguous, the construction most favorable to the insured

must prevail. *Goforth v. Franklin Life Ins. Co.*, 202 Kan. 413, 449 P.2d 477 (1969). The general rule is that exceptions, limitations and exclusions to insurance agreements are to be narrowly construed. *Upland Mutual Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974). The insuror has a duty to define any limitations on coverage in clear and explicit terms. *Id.*

Defendant Earnshaw argues that the term "domestic employment" can be reasonably interpreted to mean a person hired primarily for the performance of household duties or a person performing work within the territorial boundaries of the United States, therefore said term is ambiguous. In *Marshall v. Cordero*, 508 F.Supp. 324 (D.P.R.1981), the court considered the phrase "domestic service" in relation to the Fair Labor Standards Act and found that the generally accepted meaning refers to services of a household nature performed by an employee in or about a private home. The Fifth Edition of Black's Law Dictionary, at 434, defines "domestic" as pertaining, belonging or relating to a home or to the place of birth, origin, creation or transaction. Cases listed in *13 Words & Phrases* under "domestic employment" refer to the nature of the work performed rather than the location of where the work is performed.

Plaintiff cites cases discussing the term "domestic" in relation to insurance coverage, and these cases also view the term as referring to the nature of the employment. See *State Farm Mutual Auto. Ins. Co. v. Shelton*, 368 S.W.2d 734 (Ky.App.1963); and *State Farm Mutual Auto Ins. Co. v. Vails*, 278 Ala. 266, 177 S.2d 821 (1965).

"Domestic" is further defined in 27(b), C.J.S., *Domestic*, at 978 (1959), as belonging to the home or household. In a broader, derived sense, especially in connection with words like commerce, industries and the like, "domestic" is significant of locality or origin. *Id.* at 979.

■ Viewing the policy as a whole, the court cannot find any ambiguity. The exclusion and phrase "domestic employment" is clear in meaning. As the Tenth Circuit

Court of Appeals stated in *Kansas State Bank & Trust Co. v. Old American Ins. Co.*, 491 F.2d 307 (10th Cir.1974), "[w]hen the meaning is plain—plain by the standard of the community and the ordinary reader—no deviation, without rational justification, is permitted...." *Id.* at 311. The court will not torture words to import ambiguity when ordinary meaning leaves no room for such. *Id.* It is clear that coverage is precluded by Exclusion C, and therefore summary judgment should be granted in plaintiff's favor against defendants Earnshaw and Jenkins. Defendant Earnshaw's motion for summary judgment shall be denied.

Defendant Manuel claims that he is an insured under Section A, III(c) of the policy because he was a lessee or borrower of the insured vehicle at the time of the alleged accident. Plaintiff argues that defendant Manuel was not a borrower or lessee and that he never exercised supervisory control over the members of defendant Earnshaw's work crew, and did not have possession of the vehicle. Plaintiff further argues that even if defendant Manuel is deemed to be a lessee, he is excluded from coverage under Endorsement E–45 of the policy. Defendant Manuel argues that he need only establish that he is a permissive user of the vehicle in order to be provided coverage under the Kansas Automobile Injury Reparations Act, K.S.A. 40–3101, *et seq.*, because the terms of plaintiff's exclusion are void and in contravention to this act. Defendant Manuel has also moved for summary judgment on this basis. Section A, III(c) defines an insured as:

any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower; ...

Endorsement E–45 provides:

... it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

Defendant Manuel argues that K.S.A. 40–3107 bars the specific exclusion in this case. Plaintiff asserts that pursuant to Rule 8(c), Federal Rules of Civil Procedure, the defendant has waived this argument as an affirmative defense, which was not previously asserted. Defendant Manuel asserts that although the Kansas Automobile Injury Reparations Act was not specifically mentioned, the pre-trial order raises the question of whether the exclusions and endorsements will prohibit coverage as a matter of law. A review of the pre-trial order in this case indicates only that the issue of the applicability of the exclusions and endorsements was raised. To broaden the pre-trial order as defendant Manuel suggests would in essence render its purposes ineffectual.

 The general rule is that the failure to plead an affirmative defense results in the waiver of that defense. 5 Wright and Miller, *Federal Practice & Procedure*, Civil, § 1278. However, the waiver rule is not automatically applied, and if the record indicates the unpleaded defense has been introduced without objection, Rule 15(b) requires the pleadings to be treated as if they had actually raised the issue. *Id.* In the instant case, a review of the record reveals no assertion of the Kansas Automobile Injury Reparations Act in defendant's answer or in the pre-trial order. Defendant Manuel first raised this issue in his response to plaintiff's motion for summary judgment and in his proposed findings of fact and

conclusions of law filed with this court. Plaintiff immediately objected to the insertion of this new defense and argues that it will be prejudiced if such defense were allowed, and that additional discovery will have to be taken. This court finds that defendant has failed to timely raise the defense of the Kansas Automobile Injury Reparations Act, and it is therefore waived.

 Even if this defense were not waived, the court would conclude that it lacks merit. K.S.A. 40–3107(b) provides:

Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

\* \* \* \* \* \*

(b) insure the person named and any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of any such vehicle within the United States of America or the Dominion of Canada, subject to the limits stated in such policy; ...

K.S.A. 40–3107(h) additionally provides:

notwithstanding any other provision contained in this section, any insurer may exclude coverage required by subsections (a), (b), (c) and (d) of this section while any insured vehicles are:

(1) Rented to others or used to carry persons for a charge, however, such exclusion shall not apply to the use of a private passenger car on a share the expense basis; ...

Defendant can point to no Kansas case rendering any exclusion similar to the one in this case void under the Kansas Automobile Injury Reparations Act. Further, in *Maryland Casualty Co. v. Alliance Mutual Casualty Co.*, 223 Kan. 674, 576 P.2d 625 (1978), the Kansas Supreme Court, when considering a similar provision as Section A, III(c) in this case, found such provision to be clear and unambiguous.

The court must now consider whether defendant Manuel is a named insured un-

der the policy, and, if so, whether Endorsement E–45 applies. The facts surrounding this issue are not seriously controverted. The record establishes that defendant Manuel was not a lessee or borrower of the insured vehicle, and that the alleged injury arose out of the loading or unloading of this vehicle. It follows that defendant Manuel does not qualify as an insured under the policy, and summary judgment shall be granted in plaintiff's favor. Defendant Manuel's summary judgment motion shall therefore be denied.

Defendant Balcom was an employee of defendant Earnshaw at the time of the alleged injury. Defendant Balcom has not been served in this action, and his whereabouts are unknown. Plaintiff asserts that the following provision contained in Section A, III precludes coverage of defendant Balcom:

None of the following is an insured: (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; ...

It is clear that the injury to defendant Jenkins arose out of his employment, and that defendant Balcom was a co-employee. Defendant Balcom, therefore, is not an insured under the policy. Therefore, summary judgment shall be granted in plaintiff's favor.

Plaintiff argues for summary judgment against defendant Starks on the grounds that the alleged accident arose out of the loading or unloading of the vehicle and defendant Starks was not a lessee or borrower of the vehicle. Defendant Starks asserts that a question of fact remains as to whether the beam that fell on defendant Jenkins at the time of the accident was being loaded or unloaded or was merely being moved and repositioned. This assertion has no support in the record and cannot be given credence.

Defendant Starks argues that he is a person insured under Coverage A, III(d), which includes as an insured:

any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above.

Defendant Starks asserts that any liability on his part results from the acts or omissions of defendant Earnshaw in failing to properly supervise and direct the operation and progress at the time of defendant Jenkins' injury. The petition filed by defendant Jenkins in the District Court of Wyandotte County indicates that defendant Starks is being sued for his own negligent acts and no claims of liability are based on the relationship between defendants Starks and Earnshaw. Defendant Starks has not established that he is an insured under the policy.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment is hereby granted. IT IS FURTHER ORDERED that defendant Manuel's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that defendant Earnshaw's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that plaintiff's first motion for sanctions (Document Entry No. 73) is hereby granted. IT IS ORDERED that defendant Earnshaw pay plaintiff's reasonable expenses, including attorneys' fees, caused by his failure to attend the scheduled deposition and to answer interrogatories. IT IS FURTHER ORDERED that plaintiff's second motion for sanctions (Docket Entry No. 87) is hereby denied. IT IS FURTHER ORDERED that defendant Manuel's motion for enlargement of time is hereby denied as moot.