**WESTFARM ASSOCIATES LIMITED
PARTNERSHIP**

v.

**INTERNATIONAL FABRICARE
INSTITUTE**

v.

**WASHINGTON SUBURBAN SANITARY
COMMISSION.**

Civ. No. HM–92–9.

United States District Court,
D. Maryland.

Nov. 10, 1993.

See also 846 F.Supp. 422.

Jeffrey M. Johnson, Dickstein, Shapiro & Morin, Washington, DC, for plaintiff.

Duane A. Siler, Deborah M. Lodge, Michael N. Romita, Patton, Boggs & Blow, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

HERBERT F. MURRAY, Senior District Judge.

Presently before the Court is the motion of defendant Washington Suburban Sanitary Commission ("WSSC") for Revision of Amount of Judgment in Conformance with the Local Government Tort Claims Act. Plaintiff Westfarm Associates Limited Partnership ("Westfarm") and defendant International Fabricare Institute ("IFI") have opposed the motion and WSSC has replied. With these memoranda, the Court finds the motion is ready for disposition. No hearing is deemed necessary. Local Rule 105.6 (D.Md.1992).

## I. BACKGROUND

The trial of this matter concluded on July 30, 1993, with the jury returning a verdict of $2.5 million against defendants IFI and WSSC. The Court entered judgment on the verdict on August 4, 1993. On August 5, 1993, WSSC filed the instant motion, which seeks an Order reducing WSSC's liability on the judgment to $200,000 based upon the Maryland Local Government Tort Claims Act ("LGTCA"), Md.Cts. & J.Proc. § 5–403(a). The LGTCA imposes a cap on the liability applicable to local governments. Specifically, § 5–403(a) provides:

> The liability of a local government may not exceed $200,000 per an individual claim, and $500,000 per total claims that arise from the same occurrence for damages resulting from tortious acts or omissions, including liability arising under subsection (b) of this section and indemnification under subsection (c) of this section.

## II. DISCUSSION

■ The Court finds WSSC's attempt to assert the LGTCA as a defense at this stage of the proceedings is unavailing for several reasons. First, the Court agrees that WSSC's failure to plead the LGTCA as a defense in its answer or at any time before the trial concluded and judgment was entered amounted to a waiver. *See Jakobsen v. Mass. Port Authority,* 520 F.2d 810, 813 (1st Cir.1975).[1]

Fed.R.Civ.P. 8(c) requires that the defendant include in its answer certain enumerated defenses and "any other matter constituting an avoidance or affirmative defense." In *Jakobsen,* the court determined that the Massachusetts version of the LGTCA imposing a limitation on the Port Authority's liabil-

ity, while not included among the defenses listed in Rule 8(c), nevertheless fell within the Rule's residuary clause and amounted to an affirmative defense. 520 F.2d at 813; *see also Ingraham v. United States,* 808 F.2d 1075, 1079 (5th Cir.1987) (Texas' statutory limit on medical malpractice damages is an affirmative defense which must be pleaded timely or is waived); *Simon v. United States,* 891 F.2d 1154, 1156 (5th Cir.1990) (failure to affirmatively plead Louisiana Medical Malpractice Act resulted in waiver of that defense). The *Jakobsen* court held that the Port Authority's failure to plead the statute as an affirmative defense and its belated assertion of the defense in a motion for a directed verdict amounted to a waiver. 520 F.2d at 813.

■ This Court holds that the LGTCA is an avoidance which WSSC was required to plead affirmatively. *See Jakobsen,* 520 F.2d at 813; *Ingraham,* 808 F.2d at 1079 (limitation on liability is an "avoidance" within the intendment of Rule 8(c)'s residuary clause). Generally, the failure to plead an affirmative defense results in the waiver of that defense and its exclusion as an issue in the case. 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1278 (1990). This rule, however, is not automatically applied. If the record indicates the defense has been introduced without objection, Fed.R.Civ.P. 15(b) requires that the pleadings be treated as if they had actually raised the issue. But if the unpleaded affirmative defense has not been tried by the "express or implied consent" of the parties, the pleadings will not be so construed. *Id.*

■ In the instant case, the record discloses that WSSC did not raise the LGTCA's cap on liability when it filed its answer to

---

1. Although WSSC asserted in the Pretrial Order that Westfarm's claims were barred by the LGTCA's notice provisions, WSSC did not raise the LGTCA as a defense to limit its liability. Moreover, WSSC did not raise the defense by pleading the "governmental immunity doctrine" in its answer. Although the Court of Appeals of Maryland has held that the WSSC is a state agency and therefore immune from tort liability, by § 1–3 of the Washington Suburban Sanitary District Code, the General Assembly waived that immunity "with respect to tort actions." *Katz v. Washington Suburban Sanitary Comm'n,* 284 Md. 503, 397 A.2d 1027, 1032 (1979); *Prince George's County v. Blumberg,* 44 Md.App. 79, 407 A.2d 1151, 1177 (1979), *rev'd on other grounds,* 288 Md. 275, 418 A.2d 1155 (1980). Though the WSSC is included among the agencies defined as a "local government" for purposes of the LGTCA, *see* Md.Cts. & J.Proc. § 5–401(d)(7), the LGTCA bears no relationship to WSSC's immunity or the waiver of that immunity pursuant to Md.Ann.Code Art. 29, § 1–201 (1990). Accordingly, WSSC did not raise the issue of the LGTCA by pleading the governmental immunity doctrine in its answer.

IFI's third-party complaint on February 17, 1993, or when it filed its answer to Westfarm's complaint on July 13, 1993. The Court agrees that if WSSC intended to rely on the LGTCA as a defense, Westfarm and IFI were entitled to notice of that intention when WSSC filed its answer or at a time sufficiently early to permit Westfarm and IFI an opportunity to address the defense. *See* Wright & Miller, § 1278; *Canal Ins. Co. v. Earnshaw,* 629 F.Supp. 114, 119 (D.Kan. 1985) (defense under state Automobile Injury Reparations Act waived where defendant failed to assert the Act in its answer or pretrial order); *compare Lucas v. United States,* 807 F.2d 414, 418 (5th Cir.1986) (failure to plead affirmative defense did not result in waiver where defense was raised at trial at a "pragmatically sufficient time" and plaintiffs were not prejudiced). At no time before or during the trial of this action did WSSC raise any issue relating to the LGTCA, either through a pretrial motion, trial motion, witness, argument of counsel, or jury instruction. Although, as noted above, WSSC alluded to the LGTCA when it asserted in the pretrial order that Westfarm's claims were barred by the LGTCA's notice provisions, WSSC never claimed that its liability in this action was limited based upon the LGTCA's damages cap. Therefore, the Court finds WSSC's reference in the pretrial order to the LGTCA's notice provisions an insufficient basis for holding that the issue of the cap was before the Court when this action was tried. *See Jakobsen,* 520 F.2d at 813; *Earnshaw,* 629 F.Supp. at 119.

Westfarm and IFI further argue that they would be prejudiced if WSSC was permitted to assert the cap at this late date, contending that had they known WSSC would seek to rely upon the LGTCA's cap, their pleadings could have been amended to allege multiple occurrences and their discovery and trial presentations planned to address the issue. In particular, the parties could have focused on the number of occurrences and the extent of damages attributable to WSSC's negligence prior to July 1, 1987, the effective date of the LGTCA.

The Court agrees that these are valid considerations where, as here, the applicability of the cap would require the resolution of numerous factual issues relating to damages prior to the statute's effective date and the specific damage to each of the six separate parcels of Westfarm's property. *See Lucas,* 807 F.2d at 418 (government's failure to plead statutory cap on malpractice damages did not waive defense where applicability of the cap was "purely a legal issue" upon which the court could pass without need for factual proof); *Taylor v. United States,* 821 F.2d 1428, 1433 (9th Cir.1987), *cert. denied,* 485 U.S. 992, 108 S.Ct. 1300, 99 L.Ed.2d 510 (1988) (government's delay in asserting California statute limiting recovery for noneconomic damages until filing posttrial motion did not result in waiver where application of the statute required no additional factual inquiry).

## III. CONCLUSION

For the foregoing reasons, the Court finds WSSC's failure to plead the LGTCA's damages cap in its answer or to raise it at any time until after the trial concluded waived that defense, and it will not now be considered by the Court.

Accordingly, it is this 10th day of November, 1993, by the United States District Court for the District of Maryland,

ORDERED:

(1) that defendant Washington Suburban Sanitary Commission's Motion for Revision of Amount of Judgment be, and the same hereby is, *Denied;* and

(2) that the Clerk of the Court shall mail a copy of this Memorandum and Order to the parties.