**MONTGOMERY WARD & COMPANY, Inc.,**
**Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 4624.**

Court of Civil Appeals of Texas.

Waco.

Aug. 3, 1967.

Rehearing Denied Aug. 24, 1967.

Baker, Botts, Shepherd & Coates, Wm. C. Bullard, Houston, for appellant.

Talbert, Giessel, Barnett & Stone, Alice Giessel, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff, Montgomery Ward, from a take-nothing judgment against Allstate Insurance Company in a liability insurance coverage case.

Defendant Allstate had issued its liability policy to Mela Zwecker and husband; Mrs. Zwecker ran into the rear of Mrs. Carolyn Graham's automobile, causing damage. Mrs. Graham sued Mrs. Zwecker. When Mrs. Graham's attorney took Mrs. Zwecker's deposition, Mrs. Zwecker testified she was aware that her brakes were not functioning to her satisfaction the day before the collision, and went to Montgomery Ward to have them fixed; that the service manager examined her brakes and told her they did not have time to fix them that day; that she could safely drive, however, until repairs could be made the next day; that the collision occurred when her brakes failed the next day as she was on her way to Montgomery Ward's to have her brakes fixed. Mrs. Graham amended, alleging the occurrence made the basis of suit, was proximately caused by the concurrent negligence of Montgomery Ward in negligently advising Mrs. Zweck-er she could drive her car safely until the following day when repairs would be made by Montgomery Ward.

Montgomery Ward learned that Allstate had issued its policy to the Zweckers; asserted under the facts it was also an assured, and called on Allstate to defend it. Allstate refused. Thereafter, Mrs. Graham's suit against Mrs. Zwecker and Montgomery Ward was settled for $11,-250., Allstate paying $6250, and Montgomery Ward paying $5,000. Montgomery Ward then filed this case against Allstate, seeking declaratory judgment that it was an assured under Allstate's policy issued to the Zweckers, and seeking damages of $3750. (the difference in the $6250. paid by Allstate and the $10,000 limit of its policy), plus $1500. attorneys' fees and $1060. reasonable expenses of defending suit.

Trial was before the court without a jury which rendered judgment that plaintiff take nothing. The trial court filed Conclusions of Law that the provisions of Allstate's liability policy issued to the Zweckers did not extend liability coverage to plaintiff, Montgomery Ward, under the facts.

Plaintiff appeals, contending the trial court erred in concluding that Allstate's liability policy did not extend coverage to Montgomery Ward.

The applicable provisions of the policy are:

*"Persons Insured*

"The following are insured under Part 1

a) With respect to the owned automobile

    1) The name insured and any resident of the same household.

    2) Any other person using such automobile provided the actual use thereof is with the permission of the named insured.

c) Any other person or organization legally responsible for the use of

1) An owned automobile."

Plaintiff earnestly contends that provision (c), *"Any other person or organization legally responsible for the use of an owned automobile"*, extends liability coverage to Montgomery Ward. We reject the contention. Montgomery Ward was not legally responsible for the use of the automobile by Mrs. Zwecker.

It is true Mrs. Graham brought suit against both Mrs. Zwecker and Montgomery Ward; and that Mrs. Graham alleged the accident was caused by the concurrent negligence of both Mrs. Zwecker and Montgomery Ward. It is also true Mrs. Zwecker sought to excuse her participation by alleging that she had taken the car to Montgomery Ward for brake repairs, and that its service manager had assured her the car could be safely driven until repairs could be made the following day. Nevertheless, Montgomery Ward was not legally responsible for the use of the vehicle by Mrs. Zwecker; and any responsibility for its own negligence does not make Montgomery Ward "legally responsible for the use of the vehicle", within the meaning of the policy.

The point is of first impression in Texas. In a similar case in California, Yandle v. Hardware Mut. Ins. Co., 9 Cir., 314 F.2d 435, the contention was made that a repairman who negligently repaired an automobile, was "responsible for the use" of the vehicle within the meaning of a similar insurance provision, and was consequently covered as an assured by the owner's liability policy. The court rejected such contention, and held that the repairman was not responsible for the use of the vehicle (although but for his repairs it could not have been used), but that he was responsible for his defective work.

Plaintiff's contention is overruled.

Affirmed.