**TRANSPORTATION INSURANCE COMPANY, Appellant,**

v.

**GEORGE E. FAILING COMPANY, A DIVISION OF AZCON, Appellee.**

No. 14192(T).

Court of Appeals of Texas. Austin.

May 1, 1985.

Rehearing Denied June 5, 1985.

James S. Renard, Vial, Hamilton, Koch, Tubb & Knox, Dallas, for appellant.

Robert M. Greenberg, Lynn Fielder, Greenberg, Fisk and Fielder, P.C., Dallas, for appellee.

Before POWERS, KEITH * (Retired) and GAMMAGE, JJ.

GAMMAGE, Justice.

Transportation Insurance Company (Transportation) appeals from a summary judgment in a declaratory judgment action entered in favor of George E. Failing Company (Failing). We will reverse the judgment of the trial court.

This declaratory judgment action was filed incident to a pending damage suit, wherein Failing is named as a party defendant. Failing sought a declaration that

*Keith, Justice (Retired), Ninth Court of Appeals, sitting by assignment. See Art. 1812, as amended.

it is an omnibus insured under a motor vehicle liability policy issued by Transportation to Southwestern Laboratories, Inc. (Southwestern).

Travis Speed, an employee of Southwestern, was injured while he and a fellow employee were operating a drilling rig truck manufactured by Failing. Speed was severely injured when another employee backed the truck into a high voltage power line owned and maintained by Dallas Power and Light Company. Speed settled his claim against Southwestern's workers' compensation carrier and instituted a separate damage suit against Failing, alleging that he was injured because of defects in the truck as furnished and maintained by Failing. Neither Southwestern nor any of its other employees was named as defendant in that suit. In its answer, Failing alleged that Speed's injuries were proximately caused by his own contributory negligence and by the negligence of Southwestern and its other employees. Based upon its allegations in that answer, Failing filed this suit seeking a declaration that it was an omnibus insured under Southwestern's motor vehicle policy issued by Transportation. This policy provides, in pertinent part:

II. Persons Insured.

Each of the following is an insured under this insurance to the extent set forth below:

(a) The named insured;

(b) Any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured;

(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to

bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) A lessee or borrower of the automobile, or

(2) An employee of the named insured or of such lessee or borrower;

(d) Any person or organization but only with respect to his or its liability *because of acts or omissions of an insured under (a), (b), or (c)* above. [emphasis added]

The trial court rendered summary judgment declaring that Failing is an omnibus insured under the insurance policy issued by Transportation. Transportation now complains of this holding in its first point of error.

Failing contends that it is covered under Section II(d) of the policy as an omnibus insured. Failing argues that it would not have become liable to Travis Speed "but for" the alleged negligent operation of the truck by Southwestern and its employees. Failing further contends that the policy language is subject to a construction which affords coverage and we are bound by it. We disagree.

Failing is not potentially liable because of the acts or omissions of Southwestern or its agents. If Failing is liable at all, it is liable for its own acts of negligence in the furnishing and maintenance of the drilling rig truck. The omnibus clause expressly restricts coverage under Section II(d) to liability incurred because of acts or omissions of persons insured under subsections (a), (b), or (c), and such is not the situation presented here. Failing has not articulated any legal theory, nor has it so attempted, under which it is liable for the negligence of such insured persons. *See Montgomery Ward & Company, Inc. v. Allstate Insurance Company,* 417 S.W.2d 764 (Tex.Civ. App.1967, writ ref'd). We reverse the summary judgment, and remand the cause with the instruction that the district court render judgment declaring that, under the facts of this case, Failing is not an omnibus insured under the motor vehicle policy is-

sued to Southwestern by Transportation. Because of our disposition herein we need not address appellant's other points of error.