HUBER ENGINEERED WOODS, LLC v. CANAL INSURANCE COMPANY

No. 168A10

(Filed 8 October 2010)

**Insurance— commercial automobile liability policy—trucking company—no duty to defend manufacturer**

A decision by the Court of Appeals that a trucking company's commercial automobile liability insurer was required under the terms of its policy to defend and indemnify plaintiff manufacturer in a wrongful death action by the estate of a deceased truck driver who was fatally injured in a fall from his truck while attempting to secure a tarp over a load of plywood at plaintiff manufacturer's plant was reversed for the reasons stated in the dissenting Court of Appeals opinion that plaintiff is not an "insured" under the trucking company's policy and that an employee exclusion clause in the policy applied to bar coverage to plaintiff.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 203 N.C. App. ——, 690 S.E.2d 739 (2010), affirming in part and vacating in part an order of summary judgment entered on 15 December 2008 by Judge Jesse B. Caldwell, III in Superior Court, Mecklenburg County. Heard in the Supreme Court 8 September 2010.

*Robinson Bradshaw & Hinson, P.A., by R. Steven DeGeorge, for plaintiff-appellee.*

*Smith Moore Leatherwood LLP, by Robert D. Moseley, Jr., pro hac vice, C. Fredric Marcinak III, Sidney S. Eagles, Jr., and Elizabeth Brooks Scherer, for defendant-appellant.*

*Nexsen Pruet, PLLC, by James W. Bryan and E. Taylor Stukes, for Trucking Industry Defense Association, amicus curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals holding that defendant has a duty to defend plaintiff in the underlying action at issue. We affirm the decision of the Court of Appeals vacating the portion of the trial court's order of summary judgment that found defendant has a duty to indemnify plaintiff in the underlying action. This case is re-

manded to the Court of Appeals for further remand to the Superior Court, Mecklenburg County, for proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.