■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., Appellants-Respondents, v GREENWICH INSURANCE COMPANY, Defendant/Third-Party Plaintiff-Respondent-Appellant. ERIE INSURANCE COMPANY, Third-Party Defendant-Respondent. [962 NYS2d 9]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered February 14, 2012, which, insofar as appealed from, denied plaintiffs' motion for summary judgment, denied defendant/third-party plaintiff's motions for summary judgment, and granted third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant plaintiffs' motion and declare that defendant is obligated to reimburse plaintiffs for their defense and settlement costs in the underlying personal injury action, with interest, and otherwise affirmed, without costs.

The additional insured endorsement of the policy that defendant issued to nonparty (to this action) Associated (the Greenwich policy) applies only if there is a written contract or agreement. Defendant contends that the only written contract in effect at the time of Draper's injury was for material only and thus inapplicable. This argument is unavailing; the contract clearly states, ''This Agreement contains the terms and conditions

under which Contractor [i.e., Associated] agrees to provide materials *and/or perform services*" (emphasis added). Contrary to defendant's claim, the contract is not ambiguous. Hence, extrinsic evidence such as deposition testimony cannot be considered, especially since the contract contains a merger clause and a no-oral-modification clause (*see e.g. Cornhusker Farms v Hunts Point Coop. Mkt.*, 2 AD3d 201, 203-204 [1st Dept 2003]).

The additional insured endorsement in the Greenwich policy applies to bodily injury caused, in whole or in part, by Associated's acts or omissions or the acts or omissions of those acting on Associated's behalf in the performance of Associated's ongoing operations for plaintiff NVR, Inc. The phrase "caused by" "does not materially differ from the . . . phrase, 'arising out of' " (*W & W Glass Sys., Inc. v Admiral Ins. Co.*, 91 AD3d 530, 530 [1st Dept 2012]). In turn, the phrase "arising out of" focuses "not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010] [internal quotation marks omitted]). Defense counsel admitted below that the underlying personal injury action arose out of an accident that occurred while Draper was acting on behalf of Associated in the performance of its ongoing operations. Thus, the condition set forth in the additional insured endorsement was satisfied, and summary judgment should have been granted in plaintiffs' favor (*see e.g. Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404 [1st Dept 2010]); it is not necessary to try the issue of causation.

"[I]n the event of a breach of the insurer's duty to defend, the insured's damages are the expenses reasonably incurred by it in defending the action after the carrier's refusal to do so" (*Sucrest Corp. v Fisher Governor Co.*, 83 Misc 2d 394, 407 [Sup Ct, NY County 1975], *affd* 56 AD2d 564 [1st Dept 1977]). Defendant *did not respond* to plaintiffs' letters; however, Associated (defendant's insured) refused tender on June 30, 2008, and sent a copy of this letter to defendant. Under the circumstances of this case, defendant is responsible for NVR's defense costs from June 30, 2008. NVR is entitled to interest from the date it paid each legal bill (*see La Pierre, Litchfield & Partners v Continental Cas. Co.*, 32 AD2d 353, 356 [1st Dept 1969]). Plaintiffs are also entitled to interest on the settlement from the date of payment (*see Sucrest*, 83 Misc 2d at 406).

Defendant/third-party plaintiff contends that Associated is an additional insured under the policy that third-party defendant

issued to Mr. Draper doing business as Draper Construction (the Erie policy), specifically, paragraph 4 of "Who Is An Insured." However, this language covers only vicarious liability (*see e.g. Long Is. Light. Co. v Hartford Acc. & Indem. Co.*, 76 Misc 2d 832, 836 [Sup Ct, Nassau County 1973]; *Huber Engineered Woods, LLC v Canal Ins. Co.*, 364 NC 413, 413, 700 SE2d 220, 221 [2010] [adopting the dissenting opinion of the NC Court of Appeals]; *Garcia v Federal Ins. Co.*, 969 So 2d 288, 289, 291-292, 294 [Fla Sup Ct 2007]; *Transportation Ins. Co. v George E. Failing Co., A Div. of Azcon*, 691 SW2d 71, 73 [Tex Ct App 1985]; *Canal Ins. Co. v Earnshaw*, 629 F Supp 114, 120 [D Kan 1985]). In *Draper*, NVR alleged that Associated was negligent; it did not allege that Associated was vicariously liable for Draper's negligence. Hence, Associated is not an additional insured under the Erie policy (*see e.g. Garcia*, 969 So 2d at 289, 292; *Transportation Ins.*, 691 SW2d at 73; *Canal*, 629 F Supp at 120).

In light of the foregoing, it is not necessary to consider the applicability of the contractual liability and employers' liability exclusions of the Erie policy. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.