No. 53,214

THE DENISON STATE BANK, *Appellant,* v. C. C. MADEIRA and DARLENE M. MADEIRA, *Appellees.*

(\_\_\_ P.2d \_\_\_)

Opinion filed April 20, 1982, modifying opinion filed February 27, 1982, and denying rehearing. (For original opinion reversing and remanding, see *Denison State Bank v. Madeira,* 230 Kan. 684, 640 P.2d 1235 [1982].)

*Ernest Vincent Pease, Jr.,* of Pease and Lewis, of Topeka, argued the cause and *Michael L. Lewis,* of the same firm, was with him on the brief for appellant.

*Lawrence P. Ireland,* of Ireland, Enright & Baird, of Topeka, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: Defendants/appellees have filed a motion for rehearing herein and in support of such motion have pointed out a factual error in the original opinion filed February 27, 1982, 230 Kan. 684, 640 P.2d 1235 (1982).

In our prior opinion we stated:

"Much is made of the defendants' third allegation of wrongful acts by the Bank to the effect that the Bank concealed the fact that the General Motors rebates had been pledged to the Bank as partial security for King's indebtedness. Counsel for defendants at the pretrial conference stated:

'We do not allege on behalf of the defendants, Madeira, that they were not aware of the prior security interests in the Denison State Bank, because they were informed of that. We do not allege that. In other words, we allege that the only one that we didn't know about and that was concealed from us was the one to Kenneth Tate.'

Counsel's statement was made a part of the pretrial order which also provided:

'This pretrial order shall supersede all pleadings, shall control the subsequent course of this case and shall not be modified except by consent of the parties with court approval or by order of the Court on its own motion to prevent manifest injustice.'

There was no subsequent modification of the pretrial order." 230 Kan. at 693-94.

It now appears that following the pretrial conference in the trial court, and prior to the filing of the pretrial order, defendants' counsel notified the trial court reporter that he had been in error in stating that his clients had knowledge of the pledge of the General Motors rebates to the Bank. Counsel asked that a copy of his letter be attached to the pretrial order being prepared by the reporter. Unfortunately, the record before this court on appeal did not include counsel's letter amendment to the pretrial proceedings. The original of the pretrial order filed with the Clerk of the

District Court on December 18, 1980, and included in the record on appeal, fails to reflect the letter amendment sought by defendants' counsel. It is unfortunate that this court was misled by the failure to have before it a complete record. It is the duty of the parties to an appeal to include in the record all matter which is to be considered by the court. *Frevele v. McAloon,* 222 Kan. 295, 564 P.2d 508 (1977). See also Supreme Court Rule No. 3.02 (228 Kan. xl).

As we are satisfied that counsel for both parties recognized the amendment and as the issue of whether defendants had knowledge of the pledge of the General Motors rebates to the Bank was raised in the trial court, the above-quoted language from our opinion, and any other statements made in reliance thereon, should be stricken from the opinion.

We have again reviewed the record in this case, including the transcript of all testimony before the trial court and have carefully considered defendants' motion for rehearing and conclude, after considering the amendment of the pretrial order and the testimony relating thereto, that our original decision was correct. We have also considered appellees' other grounds for rehearing and find them without merit.

Therefore, the above-quoted portion of our former opinion is ordered deleted from the opinion and other than as thereby modified, that opinion is adhered to and the motion for rehearing is denied.