**PLASTIC PACKAGING CORP., Plaintiff,**

v.

**SUN CHEMICAL CORP., Defendant.**

**No. 00–2569–JWL.**

United States District Court, D. Kansas.

April 6, 2001.

---

Joel K. Goldman, Husch & Eppenberger, Kansas City, MO, for Plaintiff.

Timothy M. O'Brien, B. Kirsten Ehlen, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plastic Packaging Corporation ("plaintiff"), a manufacturer and seller of printed plastic roll stock, brings this suit in contract and in tort against Sun Chemical Corporation ("defendant"), a manufacturer who supplied plaintiff industrial inks. Plaintiff alleges that defendant, among

other things, misrepresented the quality of the inks that it sold to plaintiff, thereby damaging plaintiff's business. Currently before the court is defendant's motion to dismiss most of the tort portions of plaintiff's complaint (Doc. 6). Defendant asserts that plaintiff's claim of affirmative fraud fails to meet the particularity requirements of Fed.R.Civ.P. 9(b), and that plaintiff's claims of "fraud by silence" and "negligent omission" fail to state claims upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, defendant's motion is granted.

## I. Facts

The following facts, as alleged in plaintiff's complaint, are accepted as true for the purposes of this motion to dismiss. Plaintiff manufactures rolls of plastic film printed with various designs. A recognized problem with printing on plastic is "blocking," the transfer of ink from the printed surface to the other side of the plastic film when the film is rewound during the manufacturing process. To prevent blocking, plaintiff must use lamination inks specially formulated to print on and adhere to plastic. On November 2, 1995, and June 27, 1997, plaintiff entered into contracts with defendant for ink services and supplies. Pursuant to the contracts, defendant sold plaintiff a brand of ink called Omnibond, which defendant represented would not cause blocking. The Omnibond ink, however, did cause blocking on the film used by plaintiff. When plaintiff brought this problem to defendant's attention, defendant represented to plaintiff that the blocking was caused by plaintiff's manufacturing process, not the Omnibond ink. On or before December 17, 1998, defendant learned that the blocking was caused by the Omnibond ink, but did not disclose this information to plaintiff. Plaintiff learned in approximately September 2000 that defendant had determined that the blocking was caused by defects in the Omnibond ink. Shortly thereafter, plaintiffs terminated the contracts with defendant and filed this lawsuit.

## II. Failure to Plead Fraud with Particularity

■ Defendant first argues that plaintiff has failed to plead fraud with the particularity required by Fed.R.Civ.Pro. 9(b). Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b)'s heightened pleading requirements serve to provide defendants adequate notice of the plaintiff's claim, to protect defendants from reputational damage caused by "improvident charges of wrongdoing," and to "inhibit the institution of strike suits." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir.1992) (quotation omitted). However, "the requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997). Ultimately, in order to survive a motion to dismiss, an allegation of fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id.* (citing *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir.1991)). In other words, the plaintiff must set out set out the "who, what, where, and when" of the alleged fraud. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 1993 WL 191615 (D.Kan. May 21, 1993); *Independent Drug Wholesalers Group, Inc. v. Denton*, 1993 WL 62142 (D.Kan. Feb. 12, 1993).

■ The court finds that plaintiff's complaint fails to meet the pleading requirements of Rule 9(b). Count I alleges that

defendant knowingly or recklessly made false representations that the "Omnibond inks would not cause blocking," and that "the blocking was caused by Plastic's manufacturing process and not by the Omnibond inks." Plaintiff also pleads that "[o]n at least one occasion, Sun changed the label on a container of Ultrabond ink so as to deceive Plastic." While these pleadings answer the question of "what" was allegedly misrepresented, they do not articulate the circumstances surrounding the misrepresentation.

First, plaintiff has not identified the particular individual or individuals *who* made the misrepresentations. Plaintiff concedes this point in its response brief, but argues that "Sun Chemical can obtain that information through discovery." As this court has previously recognized, however, allowing non-particular fraud claims to proceed to discovery defeats Rule 9(b)'s purposes of bringing an early end to frivolous claims which bring reputational damage. *See Safety Tech., L.C. v. LG Tech.,* 2000 WL 1585631 (D.Kan. Oct. 11, 2000).

Second, plaintiff does not plead *where* the representation allegedly took place. While plaintiff explains in its response brief that "the fraud was perpetrated on Plastic Packaging at its Kansas City, Kansas manufacturing plant," plaintiff did not include this allegation in its complaint.

Finally, plaintiff's complaint does not state with particularity *when* the fraud allegedly occurred. Plaintiff states that defendant "knew at least as of December 17, 1998, that Plastic's blocking problem was caused by the Omnibond Cyan Blue ink ... [but] continued to blame the blocking problem on Plastic" until September 2000. Plaintiff fails, however, to identify a date within this year and a half period on which an agent of defendant made a misrepresentation. *See Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1237 (10th Cir.2000) (allegation that misrepresentations were

made "during 1982 and continuing to the present time" does not alert defendants "to a sufficiently precise time frame to satisfy Rule 9(b)").

For these reasons, the court finds plaintiff's fraud claim inadequate. The court finds it possible, however, that plaintiff could plead facts that might cure this deficiency in its complaint. Therefore, the court exercises the discretion provided it by Fed.R.Civ.P. 15(a) and grants plaintiff leave to amend its complaint on or before April 18, 2001, to conform to the pleading requirements imposed by Rule 9(b).

### III. Failure to State a Claim Upon Which Relief can be Granted

 Defendant next seeks dismissal of plaintiff's claims of fraud by silence and negligent omission, asserting that they fail to state claims upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir.2000). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## A. Fraud By Silence Claim

 In addition to alleging fraudulent affirmative representations, Count I of plaintiff's complaint alleges that defendant committed fraud by failing to communicate material facts to plaintiff. Plaintiff asserts that, as of December 17, 1998, defendant knew that the Omnibond ink was causing the blocking problems but did not disclose this information to plaintiff. Defendant argues that plaintiff's pleadings cannot support a fraud by silence theory because defendant had no duty to disclose this information to plaintiff. Under Kansas law, a necessary element of fraud by silence is that the defendant was under an obligation to communicate material facts to the plaintiff. *See DuShane v. Union Nat'l Bank*, 223 Kan. 755, 760, 576 P.2d 674, 678–79 (1978); *OMI Holdings, Inc. v. Howell*, 260 Kan. 305, 345, 918 P.2d 1274, 1299 (1996). A duty to disclose arises in two situations: (1) a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain; and (2) parties in a fiduciary relationship must disclose material information to one another. *See DuShane*, 576 P.2d at 679; *Denison State Bank v. Madeira*, 230 Kan. 684, 691–93, 640 P.2d 1235, 1241–42 (1982).

Whether or not a contractual or fiduciary duty to disclose exists is determined by the facts and circumstances of each individual case. *See Ensminger v. Terminix Int'l Co.*, 102 F.3d 1571, 1574 (10th Cir.1996).

 Plaintiff argues that the contracts entered into by the parties imposed a duty upon defendant, who had superior knowledge of the ink, to inform plaintiff that the ink was the cause of the blocking. As noted above, Kansas courts have indeed recognized that a party possessing superior knowledge, who partakes to enter into a contract with a party who lacks such knowledge, has a duty to disclose material facts at the time of contracting. In the instant case, however, plaintiff does not allege that defendant had superior knowledge at the time that the two contracts were executed in November 1995 and June 1997. Rather, plaintiff pleads that defendant "knew at least as of December 17, 1998, that Plastic's blocking problem was caused by the Omnibond Cyan Blue ink." Plaintiff has not been able to direct the court to any case supporting its position that defendant had a duty in this case to disclose information that it discovered while *performing* the contracts.[1]

Plaintiff cites *Ensminger v. Terminix International Co.*, 102 F.3d 1571 (10th Cir. 1996) as support for the proposition that a

---

**1.** Although plaintiff relies on the following cases for the proposition that a party to an ongoing contract has a duty to disclose information discovered during the performance of the contract, these cases actually discuss the duty of disclosure at the time of contracting: *Wolf v. Brungardt*, 215 Kan. 272, 524 P.2d 726 (1974) (cited in *Denison*, 230 Kan. at 693, 230 Kan. 815, 640 P.2d 1235); *Reeder v. Guaranteed Foods, Inc.*, 194 Kan. 386, 399 P.2d 822 (1965) (cited in *Denison*, 230 Kan. at 693, 230 Kan. 815, 640 P.2d 1235); *Jenkins v. McCormick*, 184 Kan. 842, 339 P.2d 8 (1959) (cited in *Denison*, 230 Kan. at 693, 230 Kan. 815, 640 P.2d 1235); *Davsko v. Golden Harvest Prods., Inc.*, 965 F.Supp. 1467 (1997); *DuShane*, 223 Kan. at 760, 576 P.2d 674.

Plaintiff relies on *Horsch v. Terminix International Co.*, 19 Kan.App.2d 134, 865 P.2d 1044 (1993), for the proposition that a continuing duty to disclose exists. *Horsch*, however, did not involve a fraud by silence claim. Rather, Mr. and Mrs. Horsch alleged that Terminix was negligent in failing to discover that the home which plaintiffs were about to purchase had termite damage. In holding that the jury could award the Horsch's damages for the diminution of their property value, the court simply noted that if the Horsch's ever sold the property, they would have a duty to disclose the prior termite damage to a party entering into a purchase contract. Thus, *Horsch* does not provide support for plaintiff's argument.

duty to disclose can arise from a contractual, as well as a fiduciary, relationship. In *Ensminger*, the sellers of a house hired Terminix to perform the specific task of providing a report detailing whether termites existed on the property. The jury found that Terminix committed fraud by silence by not informing the sellers that termites were discovered. In holding that the evidence supported the jury's finding, the Tenth Circuit stated that because the sellers were relying on the services of a specialist to perform a specific task, a fiduciary relationship existed between the parties, which imposed a duty of disclosure on Terminix. While *Ensminger* does support plaintiff's argument that a duty to disclose can arise via contract, *Ensminger* does not persuade the court to deny defendant's motion to dismiss.

As the Tenth Circuit put it concerning the plaintiff's claim in *Ensminger*, "[k]ey to this cause of action ... is the unequal relationship in which the claimant seeks particular information from a specialist upon which the recipient intends to rely or act." *Id.* at 1574. Here, plaintiff does not plead an unequal relationship-both parties are alleged to be knowledgeable about the business of plastic roll stock and printing on it such that they are both most likely "merchants" as to the goods in question as defined in K.S.A. 84-2-104(1). Moreover, plaintiff does not plead that it sought out defendant as a specialist to provide it particular information. Rather, plaintiff and defendant, according to the complaint, were involved in an arms length business transaction which suffered from some difficulties and plaintiff attempted to ascertain whether defendant's ink was causing the problem. Whether or not defendant had a duty to speak truthfully, if it spoke at all, nothing in the Kansas cases or the federal cases applying Kansas law suggest that these circumstances gave rise to a duty to confess fault-the failure to adhere to which could open a party not only to contractual damages, but also to tort damages, including, most significantly, punitive damages.

Because defendant was under no obligation to inform plaintiff of its subsequent discovery of the ink's propensity to cause blocking, plaintiff's fraudulent omission allegation must fail as a matter of law.

### B. Negligent Omission Claim

In Count II of plaintiff's complaint, plaintiff brings claims of negligent misrepresentation and negligent omission. Similar to its fraud allegations in Count I, plaintiff alleges that, as of December 17, 1998, defendant made false representations and failed to disclose information related to the Omnibond ink's propensity to cause blocking. Defendant argues that the negligent omission portion of Count II must be dismissed for failure to state a claim because defendant had no duty to use reasonable care to communicate information to plaintiff. Plaintiff concedes that, like a fraud by silence claim, duty is an element of a negligent omission claim.[2] As discussed above, defendant owed no duty to .plaintiff under the alleged facts of this case to disclose information that defendant did not learn about until after the parties had entered into the contracts. Accordingly, to the extent that plaintiff brings a

---

2. Plaintiff contends that, although Kansas courts have not recognized a cause of action for negligent omission, the elements of negligent omission are found in section 551(1) of the Restatement (Second) of Torts. Section 551(1) states:

"One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question."

negligent omission claim in Count II of its complaint, that claim is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss portions of plaintiff's complaint (Doc. 6) is granted. Plaintiff is granted leaved to amend its complaint on or before April 18, 2001, for the sole purpose of attempting to conform to the pleading requirements of Fed.R.Civ. Pro. 9(b).

**IT IS SO ORDERED.**